(No. 45071.━ ▮▮▮▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. HAROLD RAY, Appellee.

*Opinion filed June 4, 1973.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and LOUIS R. BERTANI, State's Attorney, of Joliet (JAMES B. ZAGEL, Assistant Attorney General, and HERMAN S. HAASE, Assistant State's Attorney, of counsel), for the People.

BRUCE STRATTON, Illinois Defender Project, of Ottawa (STEPHEN P. HURLEY, Senior Law Student, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

We allowed the petition of the State's Attorney of Will County for leave to appeal from the appellate court's reversal of the judgment of conviction against the defendant, Harold Ray, on the charge of having unlawfully possessed burglary tools. (3 Ill. App. 3d 517.) The only question presented on the appeal is whether the appellate court was correct in holding there was error in the trial court's denial of the defendant's pretrial motion that the State's Attorney be prohibited from attempting to impeach the defendant's testimony, should he take the stand, by the use of a prior 27-year-old conviction of robbery and armed robbery.

On July 29, 1969, at about 10:15 P.M., the defendant was arrested when he was found in an alley located behind a photography studio in Joliet. The defendant was wearing gloves, carrying a pry bar, and also had a flashlight. The police found gouge marks on the outside of two windows in the studio building. The marks appeared to have been recently made, but the windows were nailed shut and no entry into the building had been made.

Following a jury trial, at which he did not testify, the defendant was convicted on December 1, 1969, of attempted burglary and possession of burglary tools and was sentenced to two to five years for attempted burglary and to one to two years for possession of burglary tools.

The appellate court reversed the attempted-burglary conviction on the ground that the trial court had erroneously denied the defendant's motion for a directed verdict, because, the appellate court said, the People " *** failed to prove that the pry bar was used by the defendant." The court reversed the conviction for possession of burglary tools, holding that the trial court had erred in denying the defendant's motion to prohibit the anticipated impeachment should the defendant testify. The cause was remanded for a new trial.

The record shows that on November 25, 1969, prior to trial and prior to our decision in *People v. Montgomery, 47 Ill.2d 510,* the defendant moved to prohibit the People from using the defendant's robbery and armed-robbery convictions in 1942 to impeach his testimony should he choose to testify. The defendant argued that the convictions were so old that their negligible value for impeachment was overridden by the danger of the jury's prejudicially misusing them as substantive evidence of his guilt on the pending charges.

The People successfully argued, in opposition to the motion, that under our law there was no cutoff time in determining whether a prior conviction for an infamous crime could be introduced for purposes of impeachment.

In holding that there was error in the denial of the defendant's motion the appellate court said: "The trial court apparently concluded that the prosecutor had a right to put on the evidence and that the question was not one of judicial discretion. It is true that the *Montgomery* opinion was filed after the trial of the defendant in the case before us and therefore the trial court did not have the benefit of the law as set forth by our Supreme Court in that case. However, the trial court did possess discretionary powers in regard to the defendant's motion and we believe that the motion should have been granted and proof of the 27-year-old conviction barred. We are cognizant of the fact that in *Montgomery* our Supreme Court stated that the opinion was to be followed in future cases but we fail to see why the provisions of the *Montgomery* case should be denied to the defendant in the case before us ***."

In *Montgomery* we reversed the defendant's conviction for the sale of narcotic drugs, believing there was error in the introduction for impeachment purposes of the defendant's 21-year-old conviction for a robbery committed when he was 18 years old.

In its argument in *Montgomery,* the People, relying on our 1947 decision in *People v. Buford, 396 Ill. 158,* took the position that the concerned statute (Ill. Rev. Stat. 1967, ch. 38, par. 155—1) "requires the trial judge to admit evidence of a prior conviction to impeach the credibility of a defendant whenever the prosecution sees fit to offer it." 47 Ill.2d at 513.

The statute in *Montgomery,* which is concerned here too, provided: "No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party of otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility ***." (Ill. Rev. Stat. 1967, ch. 38, par. 155—1.) Considering the statutory language "*** may

be shown for the purpose of affecting his credibility," we judged that a discretion to determine whether a conviction may be shown must be conferred "either upon the prosecutor or upon the trial judge." (47 Ill.2d at 515.) We then rejected the State's argument that the prosecutor had the discretion with the observation: "[T]o hold that the statute gives a prosecutor the absolute right to determine what evidence a court must admit against a defendant in a criminal case, regardless of its relevance, is to create unnecessary constitutional problems. The question is inherently judicial, and we believe that view is correct which places the discretion as to the admissibility of this kind of evidence in the judge rather than in the prosecutor. [Citation.]"

We then continued with a discussion of factors to be considered by a trial court in deciding whether to allow impeachment by a prior conviction. We cited Rule 609 of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (since adopted with changes by the Supreme Court of the United States, Federal Rules of Evidence, 34 L. Ed. 2d 7, 69, 93 S. Ct. 1, 82-83), which sets out a number of criteria for deciding whether prior convictions may be used to attack a witness' credibility. We concluded our opinion in *Montgomery* by declaring that "*** the provisions of this Rule [609] should be followed in future cases." 47 Ill.2d at 519.

Other courts have correctly concluded that the holding in *Montgomery* was to be prospective only. (*People v. Clark, 3 Ill. App. 3d 196; People v. Jackson, 132 Ill. App. 2d 464; People v. McClain, 132 Ill. App. 2d 669;* and *People v. Beck, 133 Ill. App. 2d 356.*) We, also, have stated that *Montgomery* was to apply only to future cases. *People ex rel. Walker v. Pate, 53 Ill.2d 485.*

The defendant, to defend the appellate court's holding, contends that when we said in *Montgomery* that "the provisions of this Rule shall be followed in future cases" we referred "only to Rule 609." The rule, as has been

noted, sets out a number of factors relating to admissibility. We did not intend, he says, that the holding that the trial court was to exercise discretion in deciding whether to permit impeachment through use of a previous conviction was to apply only to future cases. He says there has been this discretionary authority since the enactment of the statute regarding impeachment through a prior conviction (Ill. Rev. Stat. 1874, ch. 38, par. 426; now ch. 38, par. 155—1), and that the trial court abused discretion in not prohibiting any attempt at impeachment.

The argument does not persuade. Prior to *Montgomery* this discretionary authority of a trial court was not recognized. In *People v. Buford, 396 Ill. 158,* the defendant sought to prevent the prosecution from introducing a prior conviction to impeach on the ground that the time of the conviction was so remote as to deprive the conviction of its force to impeach. This court upheld the denial of the defendant's contention: "The introduction of such record of conviction for the purpose of affecting the credibility of the witness, or the defendant who has voluntarily testified, is provided for by the statute. That statute fixes no limitation as to the time of such previous conviction. [Citation.]" 369 Ill. at 162.

The discretionary authority was first announced in *Montgomery* when we said: "The question is inherently judicial, and we believe that view is correct which places the discretion as to the admissibility of this kind of evidence in the judge rather than in the prosecutor. [Citation.]"

It is clear from a reading of *Montgomery* that this holding was based on the interpretation we there gave the statute. The reference to the then proposed Rule 609 was but a part of our comment that there was divided opinion whether a trial judge possessed this discretionary power. This should be pointed out, for Rule 609, in its proposed form when we considered *Montgomery,* then provided the trial judge with discretionary powers in allowing or

denying impeachment by evidence of conviction. Proposed Rule 609(a)(3); *Montgomery, 47 Ill. 2d 510, 516.*

However, this contemplated discretionary authority in proposed Rule 609(a)(3) was eliminated when the rule was adopted. (Fed. R. Evid. 609 and Advisory Committee's Note, 34 L. Ed. 2d at 69, 93 S. Ct. at 83.) The adoption of the rule occurred after the parties here had filed their briefs.

When we said in *Montgomery* that Rule 609 was to be followed in future cases, we of course did not anticipate that the discretionary power then provided the trial judge under the proposed rule would be dropped. But it is evident that we were declaring that our holding that the trial judge had discretionary authority was to be followed in future cases. The reference to Rule 609 was a shorthand expression of our holding, as well as an expression of our view that other provisions in the rule, not concerned in *Montgomery,* should be followed.

Concerning those other provisions, it is appropriate to note that the conviction involved here was 27 years old and the one in *Montgomery* 21 years old. We consider it clearly important that the use of convictions for impeachment purposes should be governed in future trials by the 10-year limit established in Rule 609(b). That subdivision of the rule provides: "Time Limit.—Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date."

The appellate court erred when it reversed the judgment of the trial court and remanded the cause for a new trial. The appellate court's judgment is reversed and that of the circuit court is affirmed.

*Appellate court reversed; circuit court affirmed.*