THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN D. YOST, Defendant-Appellant.

Third District   No. 77-224

Opinion filed November 2, 1978.

Robert Agostinelli and Pater A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (James E. Hinterlong and Terry A. Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant Marvin Dale Yost from a conviction for the offense of murder after trial by jury in the circuit court of Tazewell County.

On December 9, 1976, the defendant was charged by indictment with three counts of murder and one count of voluntary manslaughter for the death of his wife. During his trial and specifically on February 7, 1977, the defendant testified in his own behalf. At that time the State over objection of the defendant was allowed to impeach his testimony by having the jury informed of a 10-year 11-month-old conviction which the defendant had

received in the State of Michigan for the offense of felonious assault. For the Michigan conviction the defendant received a sentence of not less than two nor more than four years. The record is cloudy and unclear as to what portion if any of the Michigan sentence was served by the defendant. It was the position of the State that there existed a presumption that the defendant served at least the minimum term of two years and thence this prior conviction was admissible for purposes of impeachment. The record is clear that the trial judge permitted the introduction of evidence as to the defendant's prior Michigan conviction on the grounds that the probative value of the conviction outweighed its prejudicial effect.

■■ We find it unnecessary to consider all the issues raised by the defendant in this appeal for we are of the opinion that the defendant's right to an impartial jury trial was prejudiced by the improper admission of his nearly 11-year-old Michigan conviction for the commission of a felony.

We reach this conclusion because the trial court failed to follow the principles or guidelines pertaining to the admission into evidence of prior conviction as set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. The principles set forth in *Montgomery* were derived from a proposed draft of a rule made by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. The draft relied upon by our supreme court is set forth in full in *Montgomery* and reads as follows:

"Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.

(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date.

(c) Effect of Pardon, Annulment, or Certificate of Rehabilitation. Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and (2) the procedure under which the same was granted or issued required a

substantial showing of rehabilitation or was based on innocence.

(d) Juvenile Adjudications. Evidence of juvenile adjudications is generally not admissible under this rule. The judge may, however, allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the judge is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

(e) Pendency of Appeal. The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible." *People v. Montgomery* (1971), 47 Ill. 2d 510, 516-17, 268 N.E.2d 695, 698.

It should be noted that the draft set forth in *Montgomery* differs significantly from the Federal Rule of Evidence 609 which was ultimately adopted by the United States Supreme Court. The difference is illustrated by the language in paragraph (b) of the adopted rule, which reads:

"(a) * * *

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. * * *"

In comparing paragraph (b) of the proposed draft of Rule 609 and paragraph (b) of Federal Rule 609 as adopted we find that paragraph (b) as set forth in the draft does not grant unto the trial judge the discretion to determine whether in the interests of justice that evidence of a prior conviction should be introduced because the probative value of such evidence outweighs its prejudicial effect. As we have stated, the rule set forth in *People v. Montgomery* devolved from the proposed draft and it eliminated any discretionary power of trial judges as to the introduction of prior convictions into evidence if a period of 10 years had elapsed since the date of the conviction or the release of the witness from confinement, whichever happened to be the later date. Federal Rule 609 as adopted granted to the trial court discretion to weigh the probative value of evidence as to a prior conviction against its prejudicial effect.

The crux of this issue being considered by the court is a determination as to what is the rule to be followed in regard to prior convictions. It is abundantly clear that the courts of our state are to follow the principles set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, which adopted the language of the proposed draft of Federal Rule 609. In both *People v. Ray* (1973), 54 Ill. 2d 377, 297 N.E.2d 168, and *Knowles v.*

*Panopoulos* (1977), 66 Ill. 2d 585, 363 N.E.2d 805, our supreme court has reiterated its holding that the draft quoted in *Montgomery*, and not the draft finally adopted for the Federal courts, is the law in Illinois. It should be further noted that the Illinois courts are not bound by Federal Rules of Evidence. See *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 363 N.E.2d 805.

In the instant case the trial court apparently based its ruling upon Federal Rule 609 as adopted, which grants to a trial court the discretion to compare the probative value of prior conviction with its prejudicial effect. Initially the trial judge thought the time period as defined in *People v. Ray* was controlling. *Ray* extended the 10-year period pertaining to conviction or release from confinement to the expiration of a witness's period of probation or parole. We acknowledge that in the case of *Ray* our supreme court did apparently rely upon a proposed Federal draft which antedated the *Montgomery* draft and which brought into consideration the factors of parole and probation. We deem this to be an inadvertent mistake in the case of *Ray*, since the supreme court reiterated that *Montgomery* set forth the law to be followed in Illinois regarding prior convictions. Whether the trial court relied on Federal Rule 609 as adopted or a proposed draft of the rule which was submitted prior to the draft followed in *Montgomery* is immaterial, for neither of these documents set forth the law to be followed in Illinois, and hence prejudicial error was committed in that the defendant's right to a trial by an impartial jury was prejudiced.

■■ The State argues that the defendant was not prejudiced since he was convicted in Michigan on February 18, 1966, and received a two- to four-year sentence for the charge of unlawfully and feloniously making an assault with a dangerous weapon, to-wit, a hunting knife, upon a person and that it should be presumed that the defendant served at least a minimum term of two years imprisonment and therefore his release from confinement was within the 10-year period prior to trial and as a result his Michigan conviction was admissible in evidence. It may well be that the defendant was imprisoned for such a period of time that the date of his release from confinement fell within the 10-year period; however, we do not agree with the State that this fact is one that can be presumed. The burden of proving that defendant's conviction was admissible in evidence is a burden which should be borne by the State. The burden of proof is on the party who asserts the affirmative and one need not prove a negative averment. (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 236 N.E.2d 425.) We cannot concur with the presumption theory advocated by the State. As a practical matter as well as a matter of policy, if the State can procure evidence of the defendant's Michigan conviction then with equal ease his record as to confinement should be procurable. We cannot presume that

defendant was confined for a conviction of a crime merely because a sentence of imprisonment was imposed. We cannot so presume since it does not always follow that upon being convicted and sentenced that a defendant is incarcerated. It is not a rarity for a defendant to avoid incarceration even though sentenced, *i.e.*, where defendant is given credit for time served prior to sentencing.

The State further contends that assuming arguendo that it was error to admit evidence of defendant's prior conviction, it was nevertheless harmless error. We are again compelled to disagree with the State. The standard for harmless error adopted by our supreme court requires a finding that it was harmless error beyond reasonable doubt. (See *People v. Bracey* (1972), 51 Ill. 2d 514, 283 N.E.2d 685.) If we were to conclude that the admission of evidence as to defendant's prior conviction was harmless error, then logically we must further conclude that the jury would have returned a guilty verdict of the crime of murder against him even though the jury had no knowledge of his prior conviction. We cannot speculate that this would have been the case. The defendant was being tried for a crime of violence; his prior conviction was for a crime of violence. The instant case is similar to the case of *People v. Shook* (1966), 35 Ill. 2d 597, 221 N.E.2d 290. In *Shook* our supreme court stated, "The prior conviction was for a crime similar to the one for which defendant was being tried, and was in fact the only evidence of a prior infamous crime. We must conclude, therefore, that the admission was prejudicial and could well have been inflammatory." (35 Ill. 2d 597, 600, 221 N.E.2d 290, 292.) See also *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967).

As we have stated the defendant was impeached by evidence of a prior conviction that was inadmissible by the rules of law of our State. We also cannot accept that even though inadmissible the evidence was nevertheless harmless, because on the contrary we are of the opinion that it was potentially if not inherently prejudicial and inflammatory. For these reasons the conviction of the defendant must be reversed and this cause remanded for a new trial. Having reached this conclusion, it is not necessary nor would any useful purpose be served in considering the other assignments of error raised by the defendant.

Reversed and remanded for new trial.

STENGEL and STOUDER, JJ., concur.