(No. 51518

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. MARVIN DALE YOST, Appellee.

*Opinion filed January 23, 1980.*

William J. Scott, Attorney General, of Springfield, and Bruce W. Black, State's Attorney, of Pekin (Donald B. Mackay and Melbourne A. Noel, Assistant Attorneys General, of Chicago, and John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa), for the People.

Robert Agostinelli, Deputy Defender, and Peter A. Carusona, Assistant Defender, of the Office of State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Marvin Yost was found guilty of the murder of his wife after a jury trial in the circuit court of Tazewell County on February 8, 1977, and was sentenced to a term of 18 to 60 years. In his motion for a new trial Yost restated the contention he made at trial that evidence of a prior conviction for felonious assault in 1965 had been improperly admitted to impeach his testimony. The trial court denied the motion, but on appeal the appellate court reversed the conviction and remanded for a new trial (65 Ill. App. 3d 386). We granted the People's petition for leave to appeal.

After the defendant had testified at trial, the prosecution, over objection, was permitted, for the purpose of impeaching his testimony, to have the jury in-

formed of a conviction of the defendant 10 years and 10 months earlier in Michigan for felonious assault. The defendant had been given a sentence of not less than two and not more than four years, but the records introduced by the prosecution, though indicating the date of conviction, did not state the date of the release of the defendant from confinement or whether the defendant had in fact been confined. The prosecution contends that there was a presumption that the defendant served at least the minimum term of two years and hence his release from confinement was within the 10-year time limit for impeaching a witness by evidence of conviction of crime which this court discussed in *People v. Montgomery* (1971), 47 Ill. 2d 510. In that case the prosecution had introduced evidence of a 21-year-old conviction for robbery to impeach testimony of a defendant charged with a narcotics offense. It was held that the statute (Ill. Rev. Stat. 1967, ch. 38, par. 155–1) providing that if the defendant in a criminal case takes the stand a prior conviction may be introduced into evidence to impeach his credibility, vested in the trial court, not in the prosecutor, the right to determine whether evidence of a particular prior conviction should be admitted into evidence. In the opinion, the court discussed the version of Rule 609 of the Federal Rules of Evidence relating to impeachment by evidence of conviction of crime which had been proposed by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. The second section of the proposed rule *i.e.* Rule 609(b), at that time read:

> "(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date." (47 Ill. 2d 510, 516.)

In the last paragraph of *Montgomery* it was said: "In our opinion, the provisions of this Rule should be followed in

future cases." 47 Ill. 2d 510, 519.

The defendant argues that evidence of his almost 11-year-old conviction should not have been admitted under the holding in *Montgomery*. He says that the version of Rule 609(b) cited in *Montgomery* should have been applied, not any of the versions which were subsequently proposed.

Rule 609 was not adopted by Congress in the form set out in *Montgomery*. A different version was later proposed by the Supreme Court of the United States, and other versions were proposed by the House Committee on the Judiciary and the Senate Committee on the Judiciary before Rule 609 was adopted in its present form.

The prosecution argues that the provisions of Rule 609 as set out in *Montgomery* were not current at the time of the trial here and, as evidence that this court did not intend to adhere to the version appearing in *Montgomery*, calls attention to the opinion in *People v. Ray* (1973), 54 Ill. 2d 377, 383, in which the court quoted the version of Rule 609(b) which had been later proposed by the Supreme Court. That version, which was not adopted, provided: "Time Limit.—Evidence of conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date." 54 Ill. 2d 377, 383.

It was not the court's intention that the standards for impeachment announced in *Montgomery* would be changed from time to time to correspond to whatever changes might subsequently be proposed for Federal Rule 609. The court considered that the provisions of the rule as it was proposed when the opinion in *Montgomery* was adopted should be followed in future cases. It would have

been unreasonable to propose that a possible future version or versions with provisions which of course could not then be known were to be followed. We believe this can be gathered from the opinion in *Ray*. The court observed in *Ray* that the version of Rule 609 approved by the Supreme Court did not contain the provision giving the trial judge discretionary powers in allowing or denying impeachment by evidence of conviction. It said that when the court stated in *Montgomery* that "Rule 609 was to be followed in future cases" (54 Ill. 2d 377, 383) it did not of course anticipate the elimination of the provision giving judges discretionary power. It clearly noted, however, that the *Montgomery* holding declaring that judges did have such discretionary authority was to be followed in future cases. The court also said the "reference to Rule 609 [in *Montgomery*] was a shorthand expression of our holding, as well as an expression of our view that other provisions in the rule, not concerned in *Montgomery* should be followed." (54 Ill. 2d 377, 383.) The court's quotation of Rule 609(b) according to the version which the Supreme Court had proposed at the time *Ray* was written was a regrettable inadvertency. The 10-year time limit for impeachment stated in *Montgomery*, which we have set out earlier in this opinion, is the standard to be applied.

We would observe that decisions handed down since *Ray* have continued to cite the version appearing in *Montgomery* as the governing authority on this question of time limitation on evidence of convictions. (See, *e.g.*, *People v. Preston* (1978), 61 Ill. App. 3d 434; *People v. Owens* (1978), 58 Ill. App. 3d 37; *People v. Mikrut* (1974), 19 Ill. App. 3d 516; *People v. Overturf (1973)*, 12 Ill. App. 3d 441.) In at least one decision, *People v. Warmack* (1979), 73 Ill. App. 3d 783, however, this court's inadvertent quotation in *Ray* from the later version of Rule 609(b) was misleading, and it also apparently led the trial court here to believe that Rule 609 as it was finally adopted should be applied.

Applying the standard set out in *Montgomery*, it is clear that evidence of the defendant's nearly 11-year-old conviction for felonious assault should not have been admitted for impeachment purposes. The People argue, however, that since the defendant was sentenced to a term of two to four years, we should presume that at least the minimum period of two years of the sentence was served. If we do make that presumption, the People say, then under the standard of *Montgomery* the defendant's release from confinement would have been within the 10-year time limit and the evidence admissible.

It would be improper in the context of this question to presume that the defendant served the minimum term or any portion of the term to which he was sentenced. There are, of course, instances in which persons receiving sentences are not in fact incarcerated. A court should not presume confinement or the date of a release from confinement. The party seeking to impeach testimony has the responsibility of presenting proper evidence of an impeaching conviction.

The decisions cited by the People (*People v. Dixon* (1970), 46 Ill. 2d 502; *People v. Herzic* (1956), 9 Ill. 2d 572; *People v. Meier* (1954), 3 Ill. 2d 29) to support the argument that we should presume that the sentence of the defendant was served concern situations relating to previous habitual criminal statutes. They do not have a bearing on the issue here.

The appellate court properly held that the trial court erred in permitting the impeaching of the defendant's testimony.

The People do not contend that, if the evidence was erroneously admitted, it was error that was harmless.

Other issues raised by the defendant need not be considered in view of our affirmance of the reversal.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*