THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AMBROSIO LUNA, Defendant-Appellant.

Second District   No. 78-234

Opinion filed March 17, 1980.

Mary Robinson and Elizabeth E. Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

T. Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Following a jury trial, defendant, Ambrosio Luna, was found guilty of deviate sexual assault and was sentenced to 6 to 12 years' imprisonment. Defendant appeals.

On September 29, 1979, we filed our original opinion in this case; on October 2, 1979, our supreme court announced its decision in *People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563, which we make reference to later in this opinion; on October 9, 1979, defendant filed a petition for rehearing which we granted on October 29, 1979. In his petition, defendant advised this court that our supreme court was currently considering the precise issue raised in the case before us, in the case of *People v. Yost* (1980), 78 Ill. 2d 292, 399 N.E.2d 1283, and defendant requested that we defer consideration of the merits of the issue raised in this case until *Yost* was decided. Recently, our supreme court announced its decision in *Yost*. Since the State did not file an answer to the petition for rehearing as allowed by Supreme Court Rule 367(d), we have considered the arguments raised by defendant on rehearing; we have withdrawn our original opinion and replaced it with this modified opinion, in which we reverse and remand this case for a new trial.

Defendant was originally charged in 1976 with the offenses of rape (Ill. Rev. Stat. 1975, ch. 38, par. 11—1(a)) and deviate sexual assault (Ill. Rev. Stat. 1975, ch. 38, par. 11—3(a)). However, defendant's jury trial did not commence until January 30, 1978, because, after having been released on bond, defendant left the jurisdiction and was not returned until November 16, 1977. At trial, the victim testified that defendant forced her to have sexual intercourse with him and then placed his penis in her mouth. Defendant, on the other hand, testified that he and the victim agreed to "make out" and engaged in sexual intercourse and that the victim voluntarily placed his penis in her mouth. The victim then informed him it was going to cost him money. When he refused to pay her, she grabbed his watch. They began to struggle and defendant ordered her out of his car, at which point she grabbed her things and left. The trial court denied a defense motion to preclude the State from

introducing defendant's prior conviction for burglary. Defendant then testified that he had been convicted of burglary in Texas in 1966. The jury was unable to reach a unanimous verdict on the charge of rape but found defendant guilty of deviate sexual assault.

On appeal, defendant has raised several instances of alleged error; however, we need only address one of these in order to resolve this case.

Defendant contends that the trial court erred in admitting evidence of his prior conviction for burglary. Defense counsel moved to exclude evidence of defendant's prior conviction on the basis that it was barred by the 10-year rule set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. The State argued that the fact that defendant was on parole for the conviction within the 10-year period precluded application of the 10-year bar. The trial court denied the motion on the basis that it interpreted *Montgomery* as holding that the 10-year period started at the end of the parole period.

In *People v. Montgomery*, our supreme court held that the provisions of Federal Rule of Evidence 609, then in draft form, were to be followed in determining the admissibility of a prior conviction for impeachment of an accused who has taken the stand in his own defense. As quoted in *Montgomery*, subsection (b) of the above Federal Rule reads as follows:

> "(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed *since the date of conviction or of the release of the witness from confinement, whichever is the later date.*" (Emphasis added.) (47 Ill. 2d 510, 516, 268 N.E.2d 695, 698.)

Two years later in *People v. Ray* (1973), 54 Ill. 2d 377, 297 N.E.2d 168, our supreme court, in dealing with a related issue, again made reference to Rule 609, but this time quoted the time-limitation portions from the rule as it was finally adopted and which reads as follows:

> "Time Limit.—Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, *or the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction, whichever is the later date.*" (Emphasis added.) 54 Ill. 2d 377, 383, 297 N.E.2d 168, 171-72.

In *People v. Yost* (1978), 65 Ill. App. 3d 386, 382 N.E.2d 140, the Appellate Court for the Third District held that the form of Rule 609 set forth in *Montgomery* was to be followed in Illinois. However, in *People v. Warmack* (1979), 73 Ill. App. 3d 783, 392 N.E.2d 334, the Appellate Court for the First District determined that the language in *Ray* indicated that it was the final form of Rule 609 as found in *Ray* that should be followed.

In a recent decision, our supreme court has dispelled the confusion

resulting from reading both the *Montgomery* and *Ray* opinions. In an opinion affirming the Third District's decision in *Yost*, our supreme court stated:

> "It was not the court's intention that the standards for impeachment announced in *Montgomery* would be changed from time to time to correspond to whatever changes might subsequently be proposed for Federal Rule 609. The court considered that the provisions of the rule as it was proposed when the opinion in *Montgomery* was adopted should be followed in future cases. * * * The court's quotation of Rule 609(b) according to the version which the Supreme Court had proposed at the time *Ray* was written was a regrettable inadvertency. The 10-year time limit for impeachment stated in *Montgomery*, * * *, is the standard to be applied. (*People v. Yost* (1980), 78 Ill. 2d 292, 295-96.)

■■ The State however argues that defendant waived any objection to the admission of his prior conviction for burglary. The State never used the defendant's prior conviction to impeach defendant, and in fact never made any references to it. All the information concerning defendant's prior conviction was presented to the jury during defendant's case-in-chief and was introduced by the defendant himself. However, in *People v. Spates* (1979), 77 Ill. 2d 193, 395 N.E.2d 563, our supreme court stated:

> "In sum then, a party waives the right to raise as error action taken by the court at the instance of that party; it is quite another matter when, after an exclusionary motion is denied, the party himself raises a matter so as to lessen its impact, when the party knows that if he does not raise it, the opponent will. The difference is that, in the first instance, the request and the subsequent assertion of error are inconsistent with one another. In the second instance the aim is consistent: once the motion to exclude the matter is denied, the party must try to limit the effect the matter will have on the trier of fact. He has not waived the issue by raising it; he has merely tried to ensure that it does the least damage to his witness' credibility." (77 Ill. 2d 193, 199-200, 395 N.E.2d 563, 566.)

In addition, the State argues that defendant has waived any objection by failing to raise any claim of a violation of *Montgomery* in a post-trial motion. However, defendant did move to prevent the admission of the prior conviction, thus bringing the alleged error to the attention of the trial court. Further, under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Therefore, we conclude that defendant has preserved the error for purposes of appeal.

■■ Based upon the above discussion of Rule 609(b), we are of the opinion that the admission of defendant's 1966 conviction for burglary was erroneous. While the State's argument that defendant's leaving the jurisdiction worked to his advantage in terms of Rule 609(b) is well taken, we cannot speculate at what earlier date defendant's trial might have taken place so as to allow the admission of his 1966 conviction.

Further, we believe this error requires reversal. To reduce this case to its simplest terms, the victim claimed force; the defendant claimed consent. The issue therefore became one of credibility. The jury was instructed that the defendant's prior conviction was to be considered only insofar as it might affect defendant's credibility as a witness. Thus, given the interrelation between defendant's prior conviction and the issue of his credibility and the importance of the credibility issue in this case, we cannot say that the admission of defendant's prior conviction did not have effect upon the jury's verdict. Nor in fact does the State argue here that the error was harmless. *People v. Yost*, at 295.

As for the other errors alleged on appeal, it is unlikely that they will occur upon retrial of this case.

Therefore, we reverse the judgment of the circuit court of De Kalb County and remand for a new trial.

Reversed and remanded.

SEIDENFELD, J., concurs.