THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES D. PARSONS, Defendant-Appellant.

Third District    No. 79-847

Opinion filed September 8, 1980.—Rehearing denied October 7, 1980.

Sam Cahnman, of Gerald W. Smith, P. C., of Pekin, for appellant.

Bruce Black, State's Attorney, of Pekin (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of conviction for theft entered by the circuit court of Tazewell County after jury trial. Defendant was sentenced to an extended term of five years' imprisonment.

On December 12, 1978, Richard Rogers, Danny Lane, and the defendant were indicted for felony theft. They were charged with exercising unauthorized control over building materials owned by Tazewell Builders Supply, Inc.

Defendant testified in his own behalf at trial. He denied participation of any kind in the theft. He stated that the charges were in retaliation for his efforts in organizing a union at Tazewell Builders. On direct examination defendant was asked about a 1972 burglary conviction:

> "Q: * * * As a result of this conviction, of your pleading guilty, what, if any, affect [sic] has that had on your life?
>
> A: A very, very solemn effect. * * *

* * *

Q: And have you been in any trouble since that time?"

On cross-examination the defendant was asked:

"Q: This probation had a very solemn affect [*sic*] on your life, sir?

A: It's, yes, it does.

Q: Is that as solemn of an affect [*sic*] as the eight years you spent in the Nebraska penitentiary in the 50's?"

Defendant objected to introduction of the 26-year-old conviction. In 1952 he was convicted of burglary offenses and was sentenced to concurrent three-year terms in the penitentiary. While serving these sentences he was convicted of assault and sentenced to a five-year term of imprisonment to run concurrently with the burglary sentences. He was discharged in 1958. After examining the case law, the trial judge instructed the jury to disregard the question pertaining to defendant's convictions which occurred in the 1950's.

On appeal defendant raises several issues; however, we first direct our attention to whether the introduction of a 26-year-old conviction of the defendant for burglary was reversible error.

■■ The Illinois Supreme Court had adopted a rule similar to Federal Rule of Evidence 609 on impeachment by evidence of conviction of crime. The version of the rule which the court adopted and ordered followed in future cases is the version which had been approved by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States at the time *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, was decided. The court did not intend that the standards for impeachment announced in *Montgomery* would change whenever the Federal rule changed. *People v. Yost* (1980), 78 Ill. 2d 292, 399 N.E.2d 1283.

Subsection (b) of that proposed rule states:

" "* * * Time limit. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date. * * *' " *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, 698; *People v. Yost* (1980), 78 Ill. 2d 292, 294, 399 N.E.2d 1283, 1284.

■■ Defendant was convicted in 1952 of burglary and later of assault. He was discharged in 1958. Both of these Nebraska convictions and discharges occurred more than 10 years before the trial in the instant case. Clearly, these convictions should not have been introduced.

Defendant did not, as argued by the State, testify that he had not been convicted at any time except in 1972. He testified that he had not been convicted since 1972. If defendant had testified that his only conviction was in 1972, the State could have inquired about convictions which

occurred beyond the 10-year time limit. He testified, however, only that his record was complete during the time limit. Therefore, inquiry regarding earlier convictions was improper. *People v. Brown* (1978), 61 Ill. App. 3d 180, 377 N.E.2d 1201.

The State has argued that mentioning the earlier conviction was harmless error since the trial court instructed the jury to disregard the question about the Nebraska conviction. Under the circumstances of the instant case we cannot agree that the error was harmless.

Having determined that reversible error occurred and that a new trial is required, it is not necessary for this court to consider the other issues raised in this appeal. For the reasons stated, the judgment of the circuit court of Tazewell County is reversed and this case is remanded for a new trial.

Reversed and remanded.

STENGEL and STOUDER, JJ., concur.