THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRICK THOMPSON, Defendant-Appellant.

Third District   No. 3—86—0654

Opinion filed May 28, 1987.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Edward P. Morrissey, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

After trial by jury in Will County the defendant, Derrick Thompson, was found guilty of being accountable for the offense of possession of more than 30 grams of PCP. He was sentenced to a 10-year term of imprisonment.

The defendant's trial was held in July 1986 and during the course of it the State introduced into evidence a certified copy of an April 13, 1976, robbery conviction of the defendant. Counsel for defendant objected to its admission, but an examination of the record fails to disclose the grounds for the objection. It is clear in the record that counsel for defendant failed to point out to the court the proper time limit for admission of a prior conviction into evidence. From the briefs

filed in this appeal by both the State and the defendant, it is evident that counsel for both, along with the trial judge, believed that defendant's 1976 conviction fell within the time limit provision of the Illinois law because they agreed that the 10-year period was to be calculated from the date of defendant's release from probation. The jury was subsequently instructed that they were to consider the defendant's prior conviction on the question of his credibility.

After several hours of deliberation, the jury indicated to the court that it was hopelessly deadlocked. Later the jury requested instructions from the court on two occasions. After further deliberation, the jurors again informed the trial court that they could not reach a verdict. The court informed the jury to decide the case on the evidence and instructions it had received. Ultimately, at 1:14 a.m. on July 4, 1986, the jury returned a verdict of guilty.

The defendant raises several issues in this appeal. We first direct our attention to defendant's contention that he was erroneously impeached by a 1976 robbery conviction, for which he was sentenced to a term of probation, since the conviction was more than 10 years old at the time of his trial.

An examination of the appeal briefs discloses that even the State does not strenuously argue that it was proper to admit evidence of the defendant's 1976 robbery conviction. There is no serious quarrel between the parties as to the applicable rule, which is set forth in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. This case states:

> "Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or the release of the witness from confinement, whichever is the later date." 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698.

The State does argue that the defendant has waived an error regarding the prior conviction for failure to make a proper objection and for the further reason that counsel for the defendant agreed with the trial court that the 10-year limitation period was to be calculated from the termination date of defendant's probation. Lastly, the State argues that if error was committed it was harmless.

The defendant counters the assertions of the State by claiming (1) that the State was the party which sought to admit the impeaching testimony and therefore had the responsibility of doing it properly, (2) that the confusion and misunderstanding concerning the proper rule of law resulted from the supreme court case of *People v. Ray* (1973), 54 Ill. 2d 377, 297 N.E.2d 168, and (3) that if we disagree with his

first two arguments, then this court should hold that the defendant received ineffective assistance of counsel and in support of this argument cites to this court the case of *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

■■ ■ Our supreme court has on several occasions held that the party seeking to impeach testimony has the responsibility of presenting proper evidence of an impeaching conviction. (*People v. Yost* (1980), 78 Ill. 2d 292, 399 N.E.2d 1283; *People v. Strange* (1984), 125 Ill. App. 3d 43, 465 N.E.2d 616.) For this reason and several others which we will set forth, the defendant in this case should be granted a new trial. It is difficult to sustain the State's argument of "harmless error" when the record sets forth the difficulty experienced by the jury in reaching a verdict. Twice the jury announced that it was deadlocked and could not reach a verdict. Twice it asked for instructions and it is evident that it reached a verdict only after being specifically commanded to do so. In the light of such difficulty, we cannot blithely conclude that the prior conviction evidence was harmless. In standing somewhat detached and viewing this case in its entirety, it challenges one to find that the defendant received a fair trial. The defendant argues that error was committed when the trial judge imposed upon him a 10-year sentence, but only a six-year sentence on a codefendant who pleaded guilty on the first day of his (defendant's) trial. In examining the trial court's remarks at time of sentencing, it is obvious that defendant received the greater sentence because he exercised his constitutional right to trial by jury. The trial judge's remarks in part are as follows:

"I find [defendant's] character and attitude is altogether different than a person who pled guilty. They say the first step in rehabilitation is for a person to stand before the Court and say I'm guilty. I'm not pointing it at myself. I'm the guilty one. I made a mistake. I'd like to pay my debt to society, rehabilitate myself, and go on with my life. And you talk about why was the mandatory minimum of six years given for the guilty plea. I think that was the big factor in it. When a person pleads guilty he's not fooling everybody else or fooling himself. He's admitting and confessing he errored [*sic*], he wants to change his way of life. And it's a great factor to plead guilty. And you're talking—you're, also, indicating here about disparity of sentence. The reason for disparity of sentence in this case is that the other Defendant made a guilty plea. He confessed that he has committed a crime, he has committed error. He recognizes that and he wants to change his lifestyle and go on with

his life in a different direction. It's different from a man who says to the Court, 'I told the truth.'

\* \* \*

THE COURT: I'm stating the reason [for the disparity is] that the other gentleman came before the Court and confessed his guilt. There is a world of difference between a man who confesses his guilt and a man who says I did not get fair play, that they made a fool of me, that they made a mockery of me. There is a difference and I'm pointing that out crystal clear for both you and the Appellate Court of the reason for a disparity of sentence."

The law should not be stretched to set aside a conviction on a technicality, neither should it be distorted so as to deny an accused a fair trial.

The record in this case demands that a new trial be granted, hence the conviction of the defendant is reversed and this cause is remanded for a new trial.

Reversed and remanded.

BARRY, P.J., and HEIPLE, J., concur.