Filed 11/16/07        NO. 4-06-0945

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| MALCOLM A. FARRELL, | ) | No. 06CF635 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert J. Eggers, |
| | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

In August 2006, a jury found defendant, Malcolm A. Farrell, guilty of aggravated robbery. In October 2006, the trial court sentenced him to a 20-year prison term. Defendant appeals, arguing the trial court erred by allowing the State to introduce evidence of defendant's 1988 theft conviction for impeachment purposes. We affirm.

I. BACKGROUND

On June 15, 2006, the State charged defendant by information with aggravated robbery. 720 ILCS 5/18-5(a) (West 2004). The State alleged that on May 26, 2006, defendant took Richard Desollar's wallet by threatening the imminent use of force. Defendant purportedly indicated to Desollar, during the robbery in the restroom at the Springfield Amtrak station, that he had a firearm.

Prior to trial, the State filed a notice of intent to impeach defendant with his prior convictions for armed violence and armed robbery, both Class X felonies, and theft over $300, a

Class 3 felony. Judgments of conviction for those offenses were entered on June 6, 1988; defendant received a 25-year sentence for each of the Class X felonies and a 5-year sentence for the theft conviction, with all three sentences to run concurrently. Defendant had been released on mandatory supervised release (MSR) on September 18, 2001, but returned to prison in November 2002 for an MSR violation. He was again released on October 17, 2003. The trial court determined that the introduction of the armed-robbery and armed-violence convictions would unfairly prejudice defendant but ruled that the State could impeach defendant with his theft conviction.

At his August 2006 jury trial, defendant testified on direct examination that he had been convicted of theft in 1988. The State did not mention the conviction during cross-examination. The jury found defendant guilty; and in October 2006, the trial court sentenced defendant as stated. This appeal followed.

## II. ANALYSIS

Defendant's sole contention on appeal is that the trial court erred when it ruled that the State could impeach defendant with his prior theft conviction. He argues that the conviction was outside the 10-year time limit prescribed by People v. Montgomery, 47 Ill. 2d 510, 268 N.E.2d 695 (1971), which adopted the 1971 proposed draft of Federal Rule of Evidence 609. People v. Cox, 195 Ill. 2d 378, 383, 748 N.E.2d 166, 169 (2001).

"Under this rule, evidence of a prior conviction is admissible for impeachment purposes

if (1) the witness' crime was punishable by death or imprisonment of more than one year, or the crime involved dishonesty or false statement regardless of the punishment; (2) the witness' conviction or release from confinement, whichever date is later, occurred less than 10 years from the date of trial; and (3) the danger of unfair prejudice does not substantially outweigh the probative value of the conviction." Cox, 195 Ill. 2d at 383, 748 N.E.2d at 169, citing Montgomery, 47 Ill. 2d at 516, 268 N.E.2d at 698.

Rule 609 was ultimately enacted in a different form than that proposed in 1971, and it has been amended several times since then. Nonetheless, the version adopted in Montgomery has remained the framework for determining the admissibility of prior convictions for impeachment purposes in Illinois state courts. Cox, 195 Ill. 2d at 383 n.1, 748 N.E.2d at 169 n. 1.

As noted previously, the trial court ruled that only defendant's 1988 theft conviction would be admissible to impeach defendant. Defendant reasons that his "release from confinement" on that charge would have been more than 10 years before the date of his August 2006 trial because he only received a 5-year sentence for the theft. Defendant was not actually released from prison after serving his 5-year sentence due to his concurrent 25-year sentences for armed violence and armed robbery.

- 3 -

As it exists today, Rule 609 provides that evidence of a conviction "is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."  (Emphasis added.) Fed. R. Evid. 609(b) (28 U.S.C. app. Fed. R. Evid. 609(b) (2000)).  The rule adopted in Montgomery, however, did not specify that the starting date for the 10-year period began upon release from confinement imposed for the conviction being used for impeachment purposes; the Montgomery rule simply stated that the 10-year period began upon "release from confinement."  Absent words like "imposed for that conviction," we presume that the Montgomery test means just what it says: the date of the witness's release from confinement, not the completion of his sentence, begins the 10-year period.

If the Illinois courts had wanted to adopt the amendments to Rule 609, including the "release from confinement" language, as the test for determining the admissibility of prior convictions, they have had ample opportunity to do so.  Instead, the courts have repeatedly endorsed the test as set forth in Montgomery (see, e.g., People v. Naylor, 372 Ill. App. 3d 1, 6, 864 N.E.2d 718, 722 (2007)) and specifically rejected the newer versions of Rule 609 (People v. Yost, 78 Ill. 2d 292, 295, 399 N.E.2d 1283, 1284 (1980)).  The Montgomery opinion concluded, "In our opinion, the provisions of [proposed Rule 609] should be followed in future cases."  Montgomery, 47 Ill. 2d at 519, 268

- 4 -

N.E.2d at 700. Our supreme court later clarified that "[i]t was not the court's intention that the standards for impeachment announced in Montgomery would be changed from time to time to correspond to whatever changes might subsequently be proposed for Federal Rule 609." Yost, 78 Ill. 2d at 295, 399 N.E.2d at 1284.

Defendant argues that although he was not physically released from confinement until 2001, he was discharged from his concurrent sentence for the theft conviction in 1993. Though a court may more easily be able to determine the discharge date for a sentence served concurrently with other longer sentences, it may be harder to determine when an inmate has completed one of multiple consecutive sentences. To use a date other than a defendant's physical date of release in the latter instance could require the trial court to speculate about the proper date of release, which our supreme court has rejected. See Yost, 78 Ill. 2d at 297, 399 N.E.2d at 1285 ("[a] court should not presume confinement or the date of release from confinement"). No justification arises from Montgomery or elsewhere for a defendant who served concurrent sentences being entitled to have a prior conviction kept from the jury while a defendant who served consecutive sentences is not, when both have been released from prison within 10 years of their current offenses.

Finally, the purpose behind the time period set forth in the Montgomery test undermines defendant's argument. The reason Illinois courts allow the introduction of prior convic- tions within 10 years from release from confinement rather than

- 5 -

only allowing prior convictions that are less than 10 years old as calculated from the date of conviction appears to be related to opportunity.  People who live freely in society establish their trustworthiness, in part, by refraining from committing criminal offenses despite the opportunities they have to commit them.  In contrast, prisoners are presumably less able to commit additional crimes while imprisoned; that inmates have not engaged in further criminal activity during their confinement does not establish that they are credible people.  Those with prior convictions can rehabilitate their credibility by living a substantial period of time outside prison or jail without committing further offenses.  Put another way, a defendant who is convicted and serves a 10-year sentence and then is charged with committing another crime soon after his release is not entitled to the presumption that he has been a law-abiding citizen for the last decade and, therefore, is not subject to impeachment.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.  As part of our judgment we grant the State's request that defendant be assessed $75 as costs for this appeal.

Affirmed.

APPLETON and McCULLOUGH, JJ., concur.