(No. 37545.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH TURNER, Plaintiff in Error.

*Opinion filed November 26, 1963.*

Jack B. Schmetterer, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

The defendant, Joseph Turner, was tried by the court without a jury in the criminal court of Cook County and found guilty of the crime of robbery for which he was sentenced to the penitentiary for a term of not less than 4 years nor more than 8 years. He subsequently filed a petition under the Post-Conviction Hearing Act which was denied on the State's motion without a hearing. He has petitioned for a writ of error to review the post-conviction judgment, and we have issued a writ of error to review the original judgment of conviction. The petition for a writ of error and the writ of error have been consolidated for decision. We shall first consider the issues presented by the writ of error.

The defendant argues that the evidence was insufficient to establish his guilt beyond a reasonable doubt. He was charged with armed robbery and plain robbery of $114 cash

in the custody of Loretta Maenpaa, and owned by De Paul University. Mrs. Maenpaa testified that at the time of the robbery she was employed at the University. Upon her arrival at work she opened the vault and counted out $120. About an hour later a man came to her cashier window and handed her a note stating, "This is a hold-up. Give me the money or die." This note was admitted in evidence without objection. The witness noticed what appeared to be the barrel of a gun in the man's hand and she gave him $114 in currency. She testified that at the time of the robbery the man had worn a black straw hat and a medium brown suit. She identified the defendant at a police line-up about two weeks later as the man who had committed the robbery and also identified him in court. On cross-examination she testified that the defendant was clean shaven at the time of the robbery and that she did not notice whether he had worn a mustache. She was unable to say positively that the defendant was armed with a gun. When she viewed the defendant at the line-up he had a mustache and was wearing a medium brown suit, which was lighter than the suit the defendant was wearing in court.

Two other employees of the University testified that they had seen the defendant in the hallway at the school on the morning of the robbery. A police officer testified that when he arrested the defendant he was wearing a black suit, which was the same suit that the defendant was wearing at the trial.

The defendant called two police officers as witnesses for the defense. Both officers testified that when the defendant was arrested he had a mustache and wore a dark suit. The officers searched the defendant's apartment and found no gun or brown suit. The first officer was asked if the defendant had given the police a handwriting sample to be compared with the robbery note and the officer stated that the defendant had refused to give such a sample. The other of-

ficer testified that he had never asked the defendant to give a handwriting sample.

The defendant denied that he had robbed Mrs. Maenpaa and testified that he never owned a brown suit or a black hat. He could not remember where he was at the time of robbery and did not remember whether he had been asked to give a handwriting sample.

The court entered a finding of guilty on the plain robbery charge, since there was some doubt as to whether the robber had been armed.

In our opinion this evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt. He was positively identified by Mrs. Maenpaa and the other two employees and his only defense was a denial of his guilt. The discrepancies as to the color of the defendant's suit go only to the credibility of Mrs. Maenpaa's testimony, which was resolved by the trial judge in favor of the prosecution.

The defendant also argues that the State suppressed a report from the Chicago Crime Laboratory, which presumably was favorable to the defendant. It appears from the record that prior to trial the State obtained a continuance on the ground that the robbery note had been sent to the laboratory and was not available at the time the case was originally set for trial. At that time the defendant stated that he had given a handwriting sample to the police but a police officer said that the defendant had refused to give such a sample. The defendant argues that it can be presumed that the laboratory performed certain tests on the note; that these tests were favorable to the defendant; and that the State deliberately suppressed this favorable evidence. In our opinion the record does not support the defendant's claim. The defendant's unsworn statement that he gave the police a handwriting sample is contradicted by the officer's sworn testimony that no sample was given and the defendant's sworn testimony that he could not remember giving a sample. The claim that results favorable to the de-

fendant were obtained by laboratory test rests upon conjecture and is insufficient to support a finding that the State suppressed favorable evidence.

It is also claimed that the court erred in refusing to order a police officer to produce a copy of his report for examination by defense counsel. During counsel's direct examination of the second police officer, who testified that he had not asked the defendant to give a handwriting sample, the officer was asked to produce the report he had given to his superiors. The prosecutor objected on the ground that such a report could be used for impeachment only, and defense counsel replied that he did not intend to impeach the officer. The court sustained the prosecutor's objection. It is settled that the trial court may, in proper cases, order the production of such reports, but it is equally well settled that the use of such documents is restricted to impeachment. (*People* v. *Wolff,* 19 Ill.2d 318, 323.) Since counsel disclaimed any intent to impeach the witness the court did not err in sustaining the prosecutor's objections.

The defendant's final claim on the writ of error is that his appointed counsel did not adequately represent him. This claim is based upon the charge that counsel should have subpoenaed the Crime Laboratory report instead of trying to find out the results of the report by examination of the police officers. This claim also assumes the existence of a favorable report and for that reason alone is insufficient to establish the incompetency of the defendant's appointed counsel. Also, it is settled that trial counsel will not be deemed incompetent because the value he placed on certain procedural methods is reassessed by different counsel on review. *People* v. *Woods,* 23 Ill.2d 471.

We turn now to a brief consideration of the issues presented by the petition for a writ of error under the Post-Conviction Hearing Act. The petition which was filed in the trial court alleged that the State knowingly concealed the handwriting comparison which the defendant had been

forced to submit to the police and this evidence would have established that the defendant was not guilty of the crime. What we have said in this opinion concerning the charge that the State suppressed evidence is applicable here. In view of the record, the charge presented no substantial constitutional question requiring a hearing under the Post-Conviction Hearing Act. It is also claimed that the defendant's appointed counsel in the post-conviction proceeding was negligent in failing to ask leave to amend the post-conviction petition. The defendant does not point out how the petition could have been amended to set forth a substantial constitutional claim, and we cannot agree that counsel in the post-conviction proceeding was negligent.

The petition for a writ of error under the Post-Conviction Hearing Act is denied and the judgment of conviction entered in the criminal court of Cook County is affirmed.

*Post-conviction writ of error denied.*
*Judgment affirmed.*