(No. 45591.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. A. C. WASHINGTON, Appellant.

*Opinion filed November 20, 1973.*

JAMES J. DOHERTY, Public Defender, of Chicago
(ELLIOT M. SAMUELS, Assistant Public Defender, of
counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and BERNARD CAREY, State's Attorney, of
Chicago (JAMES B. ZAGEL, Assistant Attorney General,
and KENNETH L. GILLIS and RONALD F. NEVELLE,
Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the
opinion of the court:

Defendant, A. C. Washington, was adjudged guilty of
aggravated battery following a jury trial in the circuit court

of Cook County and sentenced to 3 to 9 years imprisonment. His conviction was affirmed by the First District Appellate Court (8 Ill. App. 3d 815), and we granted leave to appeal. The issues upon which review is sought here are that the trial court erred in allowing the State to introduce rebuttal evidence of a prior conviction for burglary and that the sentence imposed was excessive.

The incident giving rise to this prosecution occurred on May 29, 1970, on South Kedzie Avenue in Chicago; the facts were in sharp conflict at trial. The State introduced the testimony of complaining witness Louis Dopson, employed at a fish market located at 1228 South Kedzie. Dopson stated that he and a co-worker, John Booth, went next door to the home of defendant during a break and began a dice game on the front porch with defendant and his wife. Dopson placed a two-dollar wager with defendant on the outcome of Mrs. Washington's turn at the dice, which Dopson won. Dopson further testified that when he picked up the money, defendant said he hadn't seen Mrs. Washington miss the point; at this juncture Booth told her to shoot again. Mrs. Washington lost again and as Dopson began to pick up the money, defendant announced that he would get his money "one way or the other" and went into the house. He returned with a .22-caliber rifle and, despite his wife's entreaty, shot Dopson in the right leg, the bullet lodging in the left leg. As a result of these injuries, Dopson's right leg was later amputated. Dopson maintained that at all times he was unarmed. This account was corroborated in most particulars by the testimony of Booth; the circumstances at the dice game were confirmed by another co-worker, Jethro Alexander, who did not see the actual shooting.

Defendant and his wife testified that Dopson accosted Mrs. Washington on the street as she returned from a nearby grocery store and demanded two dollars to get a drink. When Dopson attempted to snatch the money from her as they stood on her porch, she fell down the front

steps of the house. At this point, defendant ordered Dopson away. Instead, Dopson produced a knife about twelve to fourteen inches in length and similar to those used in the fish market, and advanced on defendant, who reached inside the door for a rifle he kept there. When Dopson raised the knife, defendant shot him in the leg. Delores Scott, a passerby and casual acquaintance of defendant, testified that as she passed defendant's home with her three-year-old daughter, she saw Dopson with a long knife in his hand arguing with defendant who was holding a gun. In rebuttal, the State introduced, over defendant's objection, his prior 1960 conviction for burglary.

Defendant contends that admission of the earlier conviction was error under *People v. Montgomery (1971), 47 Ill.2d 510.* We there held that the admission of those prior convictions, permissible under the specified limitations to impeach the testimony of criminal defendants, rested in the sound discretion of the trial court. *People v. Ray (1973), 54 Ill.2d 377, 383.*

Defendant suggests that because the trial judge here spoke only of remoteness of the conviction, that he necessarily failed to consider any of the other facts enumerated in *Montgomery* as guiding the trial judge in the exercise of his discretion. We believe that the record refutes this argument. The trial judge was cognizant of *Montgomery,* a then recent case, and he quoted its provisions at length from the bench. In addition to the remoteness of the conviction, it is apparent that the judge was aware of the potential for prejudice in its admission, as he commented regarding the necessity for a limiting instruction concerning use of the impeaching conviction by the jury. Also argued by counsel for the State and the defense was whether burglary was the kind of offense admission of which was contemplated by the rule. While it would normally be assumed that a trial judge had given appropriate consideration to the relevant factors without

requiring a specific evaluation in open court of each of them, it is clear from this record that the trial court in fact had an adequate basis upon which to exercise its sound discretion.

After an examination of the record of the hearing in aggravation and mitigation, we find no merit in defendant's argument that his sentence is excessive. In addition to a number of nonviolent felonies of which defendant had been previously convicted, the trial court heard evidence that defendant made threats directed at the prosecuting witness. Considering the nature of the crime, we believe that a sentence of 3 to 9 years imprisonment is not excessive.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*