THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE DELBERT LODEN, Defendant-Appellant.

(No. 73-332; ▮▮▮▮▮▮▮▮▮▮▮▮▮)

Second District (1st Division)—April 24, 1975.

Ralph Ruebner and Richard J. Wilson, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of the offense of burglary after a jury trial, and was sentenced to 1-3 years' imprisonment. He appeals, contending

that he was not proved guilty beyond a reasonable doubt, that the court erred in giving an instruction on voluntary intoxication over his objections, and that he was denied credit for jail time served prior to judgment.

There is testimony that on March 25, 1973, at about 2:40 A.M., an upstairs tenant heard noises coming from the hardware store below. She called the police who arrived about 15 or 20 minutes later. They testified that they found that a window in the back of the hardware store had been broken. They then saw defendant crawling down one of the aisles of the store and arrested him. There was no evidence that any items from the store were either missing or moved or that any money was missing from the cash drawer which was ordinarily left open. There was testimony that defendant had not been authorized to enter the store.

Defendant testified essentially that he had come out of a bar in the neighborhood of the hardware store when he was confronted by two police officers, who asked him why he wasn't in jail (referring to defendant's arrest by the same two officers some 5 months previously for assaulting one of the officers). He said that one of the officers then struck him with a gun, and placed him in their parked squad car. Once in the squad car, that he was questioned about a burglary for an extended time and during the questioning the officers severely beat him. That he was then taken to the alley behind the hardware store, again beaten, and finally thrown through the bathroom window into the hardware store.

Defendant first argues that the State failed to sustain its burden of proving beyond a reasonable doubt that he entered the premises with intention to commit a felony or theft, which is an essential element of the crime of burglary (Ill. Rev. Stat. 1971, ch. 38, par. 19—1).

■■ The specific intent to commit a felony or theft must exist at the time of an unauthorized entry into the building of another. Ordinarily intent must be proved circumstantially by inferences drawn from conduct. In the absence of inconsistent circumstances, proof of unlawful entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. The inference is grounded in human experience which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose. *People v. Johnson* (1963), 28 Ill.2d 441, 443; *People v. Rossi* (1969), 112 Ill.App.2d 208, 212. See also *People v. Hayes* (1973), 11 Ill.App.3d 359, 361.

Defendant's argument that there are sufficient inconsistent circumstances in the record to rebut the inference that theft was the purpose of the unlawful entry is not persuasive. To reach that conclusion it would

be necessary to give great credence to the defendant's uncorroborated testimony which contained numerous inconsistencies and which the jury obviously did not believe.

Defendant claims that there are inconsistencies in the testimony of the State's witnesses which support the conclusion that the defendant not only did not enter the store with the intent to commit a theft or felony but that he entered the store against his will, having been thrown through the window by the police officers. Principally, this is based on the fact that nothing appeared to be disturbed in the store. Thus, the defendant argues that the noises the upstairs tenant heard were not the sounds of a theft attempt by defendant, but were, rather, the sounds of the police officers beating the defendant. In addition, defendant points to the presence of broken glass on the floor of the store, the lacerations on his hands, and his contention that the officers had sufficient motive to "frame" him because his previous arrest had resulted in a suspended sentence, as support for his version of the incident. These factual questions, all of which involve the weight of the evidence and the credibility of the witnesses, are for the jury. From our review of the entire record we do not agree that the State's case is so "unreasonable, improbable or unsatisfactory as to leave a reasonable doubt" of the defendant's guilt. *People v. Stringer* (1972), 52 Ill.2d 564, 569; *People v. Taylor* (1974), 18 Ill. App.3d 367, 370.

*People v. Soznowski* (1961), 22 Ill.2d 540, *People v. McCombs* (1968), 94 Ill.App.2d 308, and *People v. Hutchinson* (1964), 50 Ill.App.2d 238, cited by the defendant, are clearly distinguishable on their facts. In each of the cases the conduct of the defendant was inconsistent with the intent to commit a felony or theft after an unlawful entry. Here, the defendant's conduct is quite consistent with that intention. *United States v. Melton* (D.C. Cir. 1973), 491 F.2d 45, which defendant has cited additionally, is not in our view in accord with the Illinois authorities and we do not adopt its reasoning.

■■ The trial court gave the following instruction tendered by the People over defendant's objection:

> "An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting knowingly."
> (I.P.I. Criminal 24.02.)

The defendant argues that this instruction was prejudicial because he was not offering intoxication as a defense. Although defendant testified that he drank some alcohol at several bars he visited just prior to his apprehension, he contends that his purpose in offering the evidence was merely to explain why there might be some discrepancy as to time in his testimony. In support of his argument defendant cites, as analogous,

cases which state the general proposition that it is error to instruct the jury on offenses not charged. *People v. Stanko* (1949), 402 Ill. 558, 561; *People v. McCauley* (1972), 2 Ill.App.3d 734, 736.

On the record before us the People were entitled to an instruction which could protect against any adverse inference the jury might have drawn from the evidence regarding defendant's responsibility for his conduct although intoxication was not argued to the jury as a formal defense. The instruction was based on the testimony of the police officers that they smelled alcohol on defendant's breath upon his arrest and on the testimony of the defendant himself who stated that he had several drinks just prior to the incident. The defendant, having introduced evidence of intoxication in an exculpatory manner which could tend to lessen his responsibility for his conduct and having also argued his drinking to the jury, cannot now persuasively complain of the instruction based on the evidence because he disclaims the defense. See *People v. Helm* (1973), 9 Ill.App.3d 143, 148-149.

The "other offense" cases cited by defendant are not analogous. If an instruction is given as to an *offense* not charged, the evil addressed by *People v. Stanko* and *People v. McCauley* is that the law requires that the jury shall be instructed only concerning the crime charged and may be prejudiced by an instruction which refers to other crimes. But an instruction as to a *defense* to a particular charge, even though it is not formally raised, is proper since the defendant is entitled to the benefit of any defense shown even by slight evidence and the reasonable inference therefrom in the whole record. (*People v. Booth* (1972), 7 Ill.App.3d 401, 403.) Certainly where a defendant suggests a defense based on the evidence in partial exculpation or in explanation of his conduct, the jury may be properly instructed as to the limits of the inferences which may be drawn in considering such evidence.

The defendant's final contention, that he is entitled to credit for time served, is meritorious (see Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—7(b)), and has been confessed as error by the People. It is conceded that the credit amounts to 116 days for time served. The sentence is therefore modified to give credit for time served in jail while awaiting trial and as modified the judgment is affirmed.

Affirmed, sentence modified.

GUILD and HALLETT, JJ., concur.