THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES R. OWENS, Defendant-Appellant.

Fourth District   No. 14150

Opinion filed March 10, 1978.

REARDON, J., specially concurring.

Thomas M. Shade, of Decatur, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant
State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Defendant James R. Owens was convicted of armed robbery and
murder in the circuit court of Macon County in 1973 and sentenced to 75
to 150 years imprisonment. On appeal, the convictions were reversed and
the cause remanded for further proceedings (32 Ill. App. 3d 893, 337
N.E.2d 60). Defendant was retried on the same charges in a jury trial
which began on September 29, 1976, and was again convicted of armed
robbery and murder. One sentence of 75 to 150 years imprisonment was
imposed.

The only issue raised by defendant on appeal is whether evidence of a
prior burglary conviction was improperly admitted for purposes of
impeachment during his second trial.

At all pertinent times, section 6 of division XIII of "An Act to revise the law in relation to criminal jurisprudence" ("Witnesses") (Ill. Rev. Stat. 1975, ch. 38, par. 155—1), provided in part:

> "No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

Prior to *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, the foregoing statute had been construed to permit impeachment of the accused by proof of conviction of only infamous crimes but without restriction as to the nature of the infamous crime (see Cleary, Handbook of Illinois Evidence 137 (2d ed. 1963)). Uncertainty existed as to whether the court was required to admit proof of the conviction or whether it might weigh the probative value of the conviction against the prejudice inevitably resulting to the accused and determine whether introduction or exclusion of the evidence would be more just. No Illinois case had ruled that the time lag between the conviction and its use to impeach was so great as to negate the conviction's probative value or impeachment.

In *Montgomery* the trial court, reluctantly but considering itself bound to do so, permitted impeachment of an accused by a prior robbery conviction occurring 20 years earlier when the accused was 18 years old. In reversing, the supreme court noted that the conviction was so stale as to have little probative value and that fairness demanded that the trial court be required to balance probative value of the conviction against its prejudice to the accused before determining whether to allow it to be presented to the jury. The court then directed that in future cases, Rule 609 of a draft approved by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States be followed. That rule was stated in the opinion to provide in part:

> " 'Rule 609. Impeachment by Evidence of Conviction of Crime
>
> (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.
>
> (b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the

date of conviction or of the release of the witness from confinement, whichever is the later date. * * * ' " 47 Ill. 2d 510, 516.

Rule 609 of the Federal Rules of Evidence when adopted was not in the same form as the draft but the supreme court has ruled that courts in this State should nevertheless follow the draft approved in *Montgomery*. *People v. Ray* (1973), 54 Ill. 2d 377, 297 N.E.2d 168.

Defendant here contends that (1) his prior conviction was too stale to meet the time requirements of proposed Rule 609, and (2) the trial court failed to follow the mandate of the proposed rule that it balance the probative value of the conviction for impeachment against its prejudicial quality before ruling upon its admission.

On January 30, 1962, defendant had pleaded guilty to a charge of burglary and was sentenced to one year probation. He violated that probation and was sentenced to a term of 1 to 10 years imprisonment. He was paroled twice and each time violated his parole and was recommitted. On June 23, 1968, he was conditionally released. Defendant contends that his confinement which ended in 1968 was not specifically the result of his burglary conviction but rather was imposed for his violation of the conditions of his probation. Therefore, he argues that the relevant date for computing the 10-year time limitation was the date of his conviction, 1962, more than 10 years prior to either his original trial or retrial.

■■ Section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4) provides that if a court finds that a defendant has violated a condition of probation, the court may impose any sentence which was available at the time of his initial sentencing. While a defendant's conduct resulting in probation revocation may be considered in assessing his potential for rehabilitation, the defendant is not sentenced for his conduct in violating probation but is sentenced for his original offense (*People v. Huff* (1976), 44 Ill. App. 3d 273, 357 N.E.2d 1380; *People v. Strickland* (1974), 24 Ill. App. 3d 560, 321 N.E.2d 309). Here, defendant was not released from confinement for his burglary conviction until 1968 and the use of the conviction in the instant case was well within the 10-year period.

In order to determine whether the trial court failed to properly perform the required test balancing the conviction's probative value against its propensity to prejudice the defendant, an extensive examination of the record is necessary. Prior to trial, defendant filed a motion in limine to exclude evidence of the prior burglary conviction. The motion stated that the building burglarized in the prior case was the site of the alleged offenses in the instant case and that defendant was charged with the

murder of the owner of that building. The motion contended that the conviction was not relevant to defendant's "testimonial worth" because of the nature of the offense for which the defendant had been convicted and the conviction's remoteness in time. It also maintained that admission of the evidence would be so prejudicial as to deprive defendant of a fair trial.

Two weeks prior to trial, the court heard arguments of counsel on defendant's motion in limine, but reserved its ruling. The record on appeal does not include a transcript of that hearing.

After defendant testified at trial, the court, out of the jury's presence, heard evidence of defendant's confinement from 1962 to 1968 for his prior burglary conviction and then denied the motion in limine.

Later, during the instructions conference, the State tendered People's Exhibit 36, a record of defendant's prior conviction for aggravated battery, and requested the court to receive it in evidence for purposes of impeachment. That conviction had not been the subject of the motion in limine. A discussion followed as to whether that conviction met the requirement of proposed Rule 609, discussed in *Montgomery*, that a conviction be punishable by imprisonment in excess of one year. Over defendant's general objection, the court admitted the exhibit, but the State later withdrew it.

The State then offered in evidence People's Exhibit 35, the burglary conviction. Defense counsel objected that it was too remote and inflammatory, but the court admitted it.

No cases have been called to our attention which require that the trial court make an affirmative statement concerning the factors considered in making its decision. In *People v. Washington* (1973), 55 Ill. 2d 521, 304 N.E.2d 276, this issue was raised on appeal and the supreme court indicated that normally it may be assumed that the trial court gave appropriate consideration to relevant factors without requiring a specific evaluation of each in open court. The supreme court noted that the record showed that the trial judge was aware of the *Montgomery* ruling and had commented on the necessity for a limiting instruction concerning the use of the impeaching conviction.

In the instant case, the record does not reveal any statements by the trial court which would show that it did not consider the prejudicial effect of admitting the prior conviction or that the conviction was admitted for an improper purpose. See *People v. Wright* (1977), 51 Ill. App. 3d 461, 366 N.E.2d 1058.

As noted earlier, the record on appeal does not include a transcript of the pretrial hearing on the motion in limine. Supreme Court Rules 323(c) and (d) (Ill. Rev. Stat. 1975, ch. 110A, pars. 323(c) and (d)), made applicable to criminal appeals by Supreme Court Rule 612 (Ill. Rev. Stat.

1975, ch. 110A, par. 612), set forth the procedure if no verbatim transcript is available. If any error occurred at the hearing on the motion in limine, defendant should have prepared a bystander's bill in accordance with those provisions to supplement the record on appeal. However, defendant did not do so and does not cite as error anything which occurred at the hearing, therefore we may presume that no error occurred then.

The record shows that the trial judge was aware of *Montgomery*. The written motion in limine brought its holdings to the court's attention. The defendant argues that nevertheless the trial court's willingness to admit the aggravated battery conviction after only limited discussion shows that the court was willing to admit such evidence without considering its prejudicial effect. Prior to the admission of either the aggravated battery or the burglary conviction, however, the prosecutor told the trial judge that he always had discretion to refuse admission of a prior conviction. That the judge was fully conscious of the requirement that he consider the prejudicial effect of the evidence is shown by the manner in which he handled the admission of the prior burglary conviction. Rather than sending the record of the conviction to the jury, he stated to them:

"Ladies and gentlemen, People's Exhibit No. 35 has been offered and admitted into evidence. People's Exhibit 35 is a certified copy of a record in Case No. 14554, in the Circuit Court of Macon County, showing that the defendant James Richard Owens, was convicted of the crime of burglary on the 30th day of January, 1962."

■■ The record shows that the trial court had an adequate basis upon which to exercise its discretion. The burglary conviction was within the proper time frame. The opinion in *Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936, *cert. denied* (1968), 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421, relied upon in *Montgomery*, indicated that convictions resting upon dishonest conduct relate to credibility much more than crimes of violence. Burglary is more a crime of dishonesty than of violence. The trial court did not abuse its discretion.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

MILLS, J., concurs.

Mr. JUSTICE REARDON, specially concurring:

I concur in the result reached in this case but I cannot associate myself with the watering down of the rule approved in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.

In a special concurring opinion in *People v. Wright* (1977), 51 Ill. App. 3d 461, 366 N.E.2d 1058, I articulated my understanding of that rule. I deem it unnecessary to repeat the views expressed there other than to say I adhere to that position.