THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN FOUGHT, Defendant-Appellant.

Third District No. 79-500

Opinion filed July 15, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, Martin N. Ashley, and Nicholas B. Svalina, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This is an appeal by defendant John Fought from his conviction, following a jury trial, for the offense of burglary. The only issue raised in this appeal is whether the trial court improperly admitted a prior conviction for theft of property having a value in excess of $150 for the purpose of impeaching defendant's testimony. Defendant contends the trial judge did not indicate on the record that he was exercising judicial discretion in admitting the evidence.

The relevant portion of the transcript is as follows:

"MISS KNAUSS: Thank you. I have nothing further. Your Honor, at this time I would show People's Exhibit #4 to defense counsel. People would at this time move for its admission.

MR. SONNEMAKER: Your Honor, I would object to the admission and like to argue it briefly outside the presence of the Jury.

(WHEREUPON THE FOLLOWING PROCEEDINGS WERE HAD OUT OF THE PRESENCE OF THE JURY:)

THE COURT: State your grounds.

MR. SONNEMAKER: The grounds are that it would be prejudicial to the Defendant, and that the prejudice would not be

any benefit, would be outweighed by the prejudice. Using the Montgomery law. That's as to the admissibility and then there would be other issues on how the Court wishes to handle it.

THE COURT: I think the only issue right now and we will stick to that issue and that is admissibility. Considering the case of People vs. Montgomery rules that People's Exhibit #1 should be admitted into evidence and it is People's Exhibit #4 for identification should be admitted into evidence as People's Exhibit #4."

Our Illinois Supreme Court, in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, set out the factors to be considered by the trial court in admitting prior convictions. By considering these factors, the trial court is to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. However, the trial judge is not required to make an express evaluation of each of the factors in open court, for a reviewing court will assume the trial judge gave appropriate consideration to the relevant factors. *People v. Washington* (1973), 55 Ill. 2d 521, 304 N.E.2d 276; *People v. Cornes* (1980), 80 Ill. App. 3d 166, 399 N.E.2d 1346; *People v. Owens* (1978), 58 Ill. App. 3d 37, 373 N.E.2d 848.

Defendant attempts to distinguish these cases by stating that an awareness of the discretionary authority of the trial judge was reflected in the record in each of those cases. In this case defense counsel argued that the prejudice must be weighed against the benefit, and the trial judge expressly stated that he had considered *People v. Montgomery* in ruling on the admissibility of the prior conviction. Since it is *Montgomery* which makes this a matter for the trial judge's discretion, it seems clear that the trial judge was knowingly exercising his discretion when he admitted the evidence.

As was true in *People v. Owens*, "the record does not reveal any statements by the trial court which would show that it did not consider the prejudicial effect of admitting the prior conviction or that the conviction was admitted for an improper purpose." (58 Ill. App. 3d 37, 40.) In our view, no error is shown.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.