THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE JOHNSON, Defendant-Appellant.

First District (1st Division)   No. 80—2842

Opinion filed November 29, 1982.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney of Chicago (Michael E. Shabat, Dean P. Karlos, and Louis F. Stalzer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendant Willie Johnson was convicted of burglary and sentenced to four years in the Illinois Department of Corrections. On appeal, defendant contends (1) the trial court erred in denying his motion to bar use of a prior conviction; (2) a voluntary intoxication instruction tendered by the State was improperly given; (3) the voluntary intoxication instructions as given were incomplete and misleading; (4) a police report was improperly admitted as substantive evidence; and (5) prejudicial comments during the State's closing argument deprived him of a fair trial.

We affirm.

At trial, Richard Hujar, a police officer assigned to the canine unit, testified that at 3:20 a.m. on April 8, 1980, he received a call to assist other officers at Bethune School. When he and his partner Officer Delaney arrived, Hujar observed that a window had been removed. Hujar, Delaney and their dogs entered the school. Hujar released his dog on the first floor. Delaney went to the second floor. When Hujar released his dog, the dog went around a corner and shortly thereafter Hujar heard yelling. He found defendant in a hallway. His dog was biting defendant's arm. Hujar took defendant out of the school and placed defendant in Officer Tabor's custody.

Officer Tabor and his partner were the first officers to arrive at the school. Tabor testified that he noticed an open window and when he approached it, found that the glass had been removed. He radioed for assistance. Tabor then crawled through the window into the classroom, where he found books and papers scattered on the floor. Drawers in the teacher's desk and storage closet doors were open. Tabor left the classroom when the canine unit arrived. Other officers entered the school with dogs and soon thereafter exited the school with defendant whom they placed in Tabor's custody. Tabor further testified that he did not detect the odor of alcohol on defendant's breath. Defendant was able to walk without assistance and did not stagger or stumble. On cross-examination Tabor testified that no burglary tools were found after defendant was searched, nor were any tools found on the school premises. When defendant was placed in Tabor's custody, Tabor was told defendant was apprehended in the washroom.

Defendant called his sister, aunt, and mother to testify on his behalf. Defendant's sister, Lucinda Logan, lived with her mother and defendant. She testified she had a party at home on April 7, 1980. The party began about 1 p.m. Defendant had been drinking at the party and was "high," but he was able to walk and speak coherently.

Queenola Starling, defendant's aunt, testified that on April 7, 1980, between 8 and 10:30 p.m., she played cards with defendant. While playing, she and defendant drank 12 cans of beer and one-half pint of whiskey. Defendant became drunk and Starling asked him to take a nap. Defendant refused and left Starling's home.

Ollie Adams, defendant's mother, testified that when she returned home at 1:30 a.m. on April 8, 1980, defendant and a few of his friends were drinking. She smelled alcohol on his breath and knew he was drunk. She also testified that Bethune School was across the street from her home.

■ First, defendant contends the trial court erred in denying his motion *in limine* to bar use of his prior burglary conviction as im-

peachment evidence in the event he testified. He maintains the trial court did not consider the prejudicial impact of the prior conviction and therefore did not properly balance the factors relevant to deciding the motion. Defendant further maintains he chose not to testify because of the trial court's ruling, was thereby prohibited from explaining his reasons for entering the school and was prejudiced in this manner.

Prejudice which might occur from evidence of a witness' prior conviction is one of three factors to be considered in determining the admission of such evidence. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695; *People v. Singletary* (1979), 73 Ill. App. 3d 239, 391 N.E.2d 440.) The evidence of crime is inadmissible if its probative value is outweighed by the prejudice. (*Montgomery; Singletary.*) However, in *People v. Thibudeaux* (1981), 98 Ill. App. 3d 1105, 1114, 424 N.E.2d 1178, 1187-88, the court stated:

"[I]t is normally assumed that the trial court gives appropriate consideration to relevant factors without being required to articulate these in open court (*People v. Washington* (1973), 55 Ill. 2d 521, 304 N.E.2d 276), and a trial court is not required to specify and evaluate such factors when ruling on a motion to exclude use of prior convictions for impeachment (*People v. Fought* (1980), 85 Ill. App. 3d 732, 407 N.E.2d 231; *People v. Bassett* (1980), 84 Ill. App. 3d 133, 404 N.E.2d 1125; *People v. Cornes* (1980), 80 Ill. App. 3d 166, 399 N.E.2d 1346)."

In the case at bar, it is clear from the record that the trial court was advised of the prejudice which might have resulted if the prior conviction had been introduced. Thus, we will assume the trial court considered this factor and exercised its discretion properly. Defendant's decision not to testify is not a proper basis for excluding such evidence. (*Thibudeaux.*) We therefore conclude the trial court did not err or abuse its discretion in denying defendant's motion *in limine.*

▪ Second, defendant contends the trial court erred in giving, at the State's request and over defendant's objection, the following instruction:

"An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting knowingly."

Defendant argues this instruction should not have been given because he did not raise intoxication as a defense, but only introduced the evidence to explain that he entered the school to seek shelter from inclement weather and to use the washroom.

In *People v. Loden* (1975), 27 Ill. App. 3d 761, 327 N.E.2d 58, a

similar issue was decided. In *Loden*, the State tendered and the trial court gave an instruction identical to that tendered and given here. In holding that the instruction was properly given even though voluntary intoxication was not raised as an affirmative defense, the court held that the State was entitled to an instruction that protected against adverse inferences which might have been drawn from the evidence of intoxication presented by defendant. Similarly, in the case at bar, defense witnesses repeatedly testified to defendant's excessive alcohol consumption on the evening in question. Thus, the State was entitled to an instruction limiting the inferences to be drawn from that evidence. We find no error in giving the requested instruction.

■■ Third, defendant contends the voluntary intoxication instruction quoted above was incomplete and inaccurate and therefore prejudicial. He specifically argues the instruction should have included a phrase regarding defendant's ability to act intentionally. Additionally, defendant contends the failure to give Illinois Pattern Jury Instructions, Criminal, No. 25.02 (1968) resulted in reversible error. This instruction provides that the State must prove beyond a reasonable doubt that at the time of the offense, defendant was capable of acting knowingly and intentionally. Defendant contends this instruction must be given whenever the voluntary intoxication instruction is given. However, defendant failed to raise these issues in his post-trial motion and is precluded from raising these issues on review. *People v. Simon* (1981), 101 Ill. App. 3d 89, 427 N.E.2d 843; *People v. Goodman* (1981), 98 Ill. App. 3d 743, 424 N.E.2d 663.

Fourth, defendant contends Officer Hujar's police report was improperly used as substantive evidence. During redirect examination of Hujar, the State asked whether Hujar had completed a police report on the incident. When Hujar responded he had, the State asked him whether the report had indicated where defendant had been apprehended. Over defendant's objection, Hujar responded that defendant was apprehended in a corridor. Defendant maintains the report was used to divulge substantive evidence, to bolster Hujar's testimony on direct examination, and to contradict Tabor's testimony that defendant was found in a washroom.

■ The general rule is that police reports may be used for impeachment, admitted as a past recollection recorded or used to refresh a witness' recollection, but are inadmissible as substantive evidence. (*People v. Banasik* (1981), 93 Ill. App. 3d 612, 417 N.E.2d 790; *People v. Walls* (1980), 87 Ill. App. 3d 256, 408 N.E.2d 1056; *People v. Morris* (1978), 65 Ill. App. 3d 155, 382 N.E.2d 383.) Here, the report was not used for any excepted purpose. Although defense counsel elic-

ited a contradiction between the testimony of the police as to where in the school defendant was found, defense counsel did not use the police report. Therefore, it was improper for the State to use the report. (*Banasik.*) However, in view of the evidence of guilt, it appears that use of the police report did not contribute to the jury's verdict and was therefore harmless. *People v. Walls* (1980), 87 Ill. App. 3d 256, 269, citing *People v. Rose* (1979), 77 Ill. App. 3d 330, 395 N.E.2d 1081, and *People v. Castillo* (1976), 40 Ill. App. 3d 413, 352 N.E.2d 340.

■ Finally, defendant contends that comments made by the State during closing arguments deprived him of a fair trial. Defendant objects to the comments that the reasonable doubt standard was not a shield behind which defendant could hide, that every criminal convicted was convicted under this standard, and that proving guilt under this standard was not as impossible as defendant made it appear to be.

Case law holds that comments similar to those complained of in this case are improper because they have the effect of lessening the State's burden of proof. (*People v. Belton* (1982), 105 Ill. App. 3d 10, 433 N.E.2d 1119; *People v. Ayala* (1981), 96 Ill. App. 3d 880, 422 N.E.2d 127; *People v. Martinez* (1979), 76 Ill. App. 3d 280, 395 N.E.2d 86.) Nonetheless, the evidence proved defendant guilty beyond a reasonable doubt and the comments were harmless. *Belton; Ayala.*

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P.J., and O'CONNOR, J., concur.