THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CARL M. STRAUSBERGER, Defendant-Appellee.

Second District   No. 2—86—0273

Opinion filed January 26, 1987.

Robert J. Morrow, State's Attorney, of Geneva (William L. Browers and Martin P. Moltz, both of State's Attorney's Appellate Prosecutor's Office, of counsel), for the People.

Theodore L. Kuzniar, of Bochte & Kuzniar, of St. Charles, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Carl M. Strausberger, was charged with reckless homicide following an automobile accident which occurred on December 23, 1982. The circuit court of Kane County granted defendant's motion to quash arrest and suppress evidence, and the State appeals, contending the court erred in refusing to admit into evidence the arresting officer's police report of the accident.

Illinois State police officer Dennis Erickson was on duty at approximately 10 p.m. on December 23, 1982, when a passing motorist told him about an accident. Erickson proceeded to the scene. As he was about to get out of his car, defendant came up and identified himself as a fireman who wanted to help. Erickson later learned that defendant was the driver of one of the two cars involved in the accident. Erickson went to the hospital where defendant was treated for his injuries. There he arrested defendant for driving under the influence of alcohol.

Defendant was indicted for reckless homicide on May 3, 1983. The trial court initially suppressed the result of a blood test. This court, in an order pursuant to Supreme Court Rule 23, reversed and remanded the cause to the trial court for further proceedings. (*People v. Strausberger* (1985), 130 Ill. App. 3d 1163, 493 N.E.2d 758.) After the remand, defendant filed his motion to quash arrest and suppress evidence, and a hearing was held on March 13, 1986.

Erickson was the only witness at the hearing, testifying first for the defense as an adverse witness, then for the prosecution. After relating details of the accident, Erickson stated his opinion that defendant was under the influence of alcohol, but he could not recollect the specific basis for this conclusion. On cross-examination, he stated that

he detected the odor of alcohol about defendant, but could not recall if this was at the hospital or at the scene of the accident. He could not remember how defendant walked. Erickson was then permitted to attempt to refresh his recollection with both his original report of the accident and the transcript of the prior hearing. After reading these reports, the witness testified that he noted a strong odor of alcohol emanating from defendant both at the scene of the accident and at the hospital. He also testified that defendant was stumbling and wobbling. On redirect, Erickson stated that although he had some independent recollection of the events surrounding the accident, his observations of defendant's condition were based solely on his reading of the transcript. The court then struck the testimony which was based on the witness' reading of the transcript.

Erickson was then called as a witness for the State. The trial court sustained defendant's objection to admission of Erickson's police report, but permitted the State to make an offer of proof on the issue of past recollection recorded. On appeal, the State argues that it should have been permitted to introduce Erickson's police report as evidence of defendant's condition on the night of the accident on the basis of past recollection recorded.

■■■ The general rule is that police reports are not admissible as substantive evidence. (*People v. Turner* (1963), 29 Ill. 2d 379, 383, 194 N.E.2d 349; *People v. Burnside* (1985), 133 Ill. App. 3d 453, 457, 478 N.E.2d 884.) They are not admissible as business records. (103 Ill. 2d R. 236; Ill. Rev. Stat. 1985, ch. 38, par. 115—5(c)(2).) It is well established, however, that they may be used for impeachment purposes or to refresh the recollection of a witness. (*People v. Johnson* (1982), 110 Ill. App. 3d 965, 969, 443 N.E.2d 235; *People v. Morris* (1978), 65 Ill. App. 3d 155, 161, 382 N.E.2d 383.) The rule has developed in the First Appellate District that police reports may be admissible as past recollection recorded if the proper foundation is laid. (*People v. Carter* (1979), 72 Ill. App. 3d 871, 876, 391 N.E.2d 427; *Rigor v. Howard Liquors, Inc.* (1973), 10 Ill. App. 3d 1004, 1010, 295 N.E.2d 491. But see *People v. Burnside* (1985), 133 Ill. App. 3d 453, 457, 478 N.E.2d 884 (implicitly rejecting this exception in the Third District).) This court has never explicitly adopted the past-recollection-recorded exception as applied to the admissibility of police reports. However, in *People v. Munoz* (1975), 31 Ill. App. 3d 689, 693, 335 N.E.2d 35, this court acknowledged the admissibility of a hospital "incident book" as past recollection recorded. The situation is analogous since hospital records are treated the same as police reports in section 115—5(c)(2) of the Code of Criminal Procedure of 1963 and Supreme Court Rule 236. (Ill. Rev. Stat.

1985, ch. 38, par. 115—5(c)(2); 103 Ill. 2d R. 236.) The Appellate Court for the Fifth District, in *People v. Gischer* (1977), 51 Ill. App. 3d 847, 852, 366 N.E.2d 521, cited *Munoz* for the proposition that a police officer could have read from his report of the incident had the proper foundation been laid.

In the present case, it is undisputed that an adequate foundation was laid in the State's offer of proof for the introduction of Officer Erickson's report. Erickson testified that he had no independent recollection of the factors which led Erickson to conclude that defendant was intoxicated on the night of the accident and that reading the report did not refresh his recollection. He also stated that the report was made soon after the accident and that it was true and accurate when made. (See *People v. Carter* (1979), 72 Ill. App. 3d 871, 876, 391 N.E.2d 427; *People v. Munoz* (1975), 31 Ill. App. 3d 689, 694, 335 N.E.2d 35.) We conclude that, under *Munoz*, the court should have allowed the State to introduce Erickson's report.

Defendant argues, however, that introduction of the report would severely restrict defendant's right of cross-examination. Since Erickson testified that he had no present recollection, defendant's cross-examination would be limited to questions regarding the making of the report rather than the facts which the report allegedly recorded. Although it does not refer expressly to the sixth amendment right to confrontation, defendant's argument attempts to implicate that right. Defendant does not cite, and our research has not disclosed, any Illinois case which considered such an argument. However, Federal courts which have done so have held that the sixth amendment confrontation right is not violated by the use of prior written statements of a witness who has no present recollection of the events in question. (*United States v. Riley* (8th Cir. 1981), 657 F.2d 1377, 1386; *United States v. Kelly* (2d Cir. 1965), 349 F.2d 720, 770.) This would be particularly true where, as here, introduction of the report was sought for the limited purpose of establishing probable cause for defendant's arrest.

It follows from what we have said that the trial court erred in granting defendant's motion to quash his arrest and suppress evidence. The State's offer of proof concerning Officer Erickson's report should have been accepted. Therefore, the order of the circuit court granting defendant's motion is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.