THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE A. GAYTON, Defendant-Appellant.

Third District   No. 3—96—0460

Opinion filed December 19, 1997.

Tracy McGonigle, of State Appellate Defender's Office, of Ottawa and John F. Klunk, of Lockport, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Following a jury trial, defendant Terrance A. Gayton was convicted of theft by deception. 720 ILCS 5/16—1(a)(2) (West 1994). On appeal, he contends (a) the trial judge erred in admitting into evidence defendant's driver's abstract and police testimony about the contents of his criminal history sheet, and (b) the State failed to prove its case beyond a reasonable doubt. We reverse and remand for a new trial.

The evidence showed that defendant went to a used car dealership, placed an $1,800 down payment on a 1988 Chevrolet Baretta, and filled out a loan application for the balance. Some of the information on the application, including defendant's social security number, driver's license number, employer, and insurance carrier, was incorrect. Before the loan application was processed by the finance company, defendant was given possession of the car. When the finance company denied the application and detailed the reasons for its denial, the dealership notified the police, who subsequently arrested the defendant.

I

■ At trial, the State argued that defendant's driver's abstract and testimony regarding the content of his criminal history sheet should be admitted under the business records exception to the hearsay rule. See 725 ILCS 5/115—5 (West 1994); *People v. Tsom-*

*banidis*, 235 Ill. App. 3d 823, 601 N.E.2d 1124 (1992). Under the applicable statute, a party seeking to introduce a business record must show that the writing was made as a record or memorandum of an act or event, the writing was made in the regular course of business, and it was the regular course of the business to make such a record at the time of transaction or within a reasonable time thereafter. 725 ILCS 5/115—5(a) (West 1994).

In seeking to introduce this evidence, the State contended that the records pertained to defendant's intent to defraud by revealing that defendant had previously used multiple social security and driver's license numbers. Defense counsel objected on the basis that the business records statute excludes records made during an investigation of an alleged offense or during an investigation relating to pending or anticipated litigation. 725 ILCS 5/115—5(c)(2) (West 1994); see also *People v. Strausberger*, 151 Ill. App. 3d 832, 834, 503 N.E.2d 832, 834 (1987) ("police reports *** are not admissible as business records"). Nonetheless, the prosecutor responded, "We're not talking about the pending investigation. This is information that's been submitted based upon arrests and prior convictions ***." The trial judge overruled defendant's objection.

The admission of evidence is within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion to the prejudice of the defendant. *People v. Morrow*, 256 Ill. App. 3d 392, 396, 628 N.E.2d 550, 554 (1993).

■ Although business records may be admitted into evidence, the applicable statute provides exceptions to the rule. 725 ILCS 5/115—5 (West 1994). The statute specifically excludes writings or records made "by anyone during *an* investigation of *an* alleged offense or during *any* investigation relating to pending or anticipated litigation of *any* kind." (Emphasis added.) 725 ILCS 5/115—5(c)(2) (West 1994). "An" is the English indefinite article, equivalent to "one" or "any," and "any" indicates "all" or "every." Black's Law Dictionary 77, 86 (5th ed. 1979); see also *People ex rel. Scott v. Silverstein*, 94 Ill. App. 3d 431, 434, 418 N.E.2d 1087, 1089 (1981) ("The word 'any' has broad and inclusive connotations"). Thus, while the State's claims that the statute bars only those writings and records made in the course of investigating this specific offense, this is not what the statute says. In *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935, 939 (1997), our supreme court recently stated that "[t]he primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute." The statute is clear: writings and records made within the context of investigating pending or anticipated criminal prosecu-

tions are not to be admitted as business records. Here, the admission of defendant's driver's abstract and testimony about his criminal history sheet constituted an abuse of discretion.

■ Further, we cannot accept the State's contention that any error in admitting this evidence was harmless beyond a reasonable doubt. A central issue in this case was the defendant's intent to defraud. Thus, during closing argument before the jury, the prosecutor repeatedly emphasized the significance of defendant's criminal history sheet and driver's abstract:

> "There was a driver's license number reflected on the [financing] application. Again you'll see that application with a number on it. Whether that was a false number or not may be up to your interpretation *** you heard evidence and you'll see a document in the jury room that indicates this individual has three different driver's license numbers assigned to him *** remember the testimony that came forth from the individual from the Department of the State Police that showed the various social security numbers that had been at some point used by the Defendant. One of those numbers he had used previously was also the same number that was on the financial application. *** [W]hat doubt is here—is it reasonable? Is it reasonable in light of—numerous social security numbers? [Is it] reasonable in light of the numerous social security numbers? *** He gave false employment information; false driver's license information; false social security information. Did the salesman make a mistake on those numbers? I suppose it's possible. But is it reasonable to believe that he made the mistake on [what] was the same number this man had used before?"

Under these circumstances, we reject the assertion that the error invited by the State was harmless. See *People v. Berberena*, 265 Ill. App. 3d 1033, 1046, 639 N.E.2d 599, 608 (1994) (where appellate court is unable to conclude beyond a reasonable doubt that the outcome would have been the same, erroneous admission of evidence requires new trial).

## II

■ We have also reviewed defendant's claim that the evidence was insufficient to prove that a victim relied upon the alleged falsehoods and/or that defendant acted with the specific intent to defraud. See *People v. Davis*, 112 Ill. 2d 55, 62-63, 491 N.E.2d 1153, 1156 (1986); *People v. McManus*, 197 Ill. App. 3d 1085, 1095, 555 N.E.2d 391, 399 (1990). After reviewing the evidence in the light most favorable to the State (*People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985)), we conclude that the State presented sufficient evidence which, if believed by the trier of fact, could support a conviction.

The judgment of the circuit court of Tazewell County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

HOMER and SLATER, JJ., concur.