THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JUAN SOLIS, Defendant-Appellee.

First District (4th Division)   No. 1—90—1436

Opinion filed October 24, 1991.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Howard D. Weisman, Assistant State's Attorneys, of counsel), for the People:

James O. Stola and Alan Osheff, both of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Defendant Juan Solis (defendant) was charged by indictment with multiple counts of reckless homicide (Ill. Rev. Stat. 1987, ch. 38, par. 9—3(a)) and driving under the influence of alcohol causing an accident that resulted in great bodily harm to another. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2).) Defendant made a pretrial motion to suppress the admission of blood-alcohol analysis results at his forthcoming trial on these charges. The trial court allowed defendant's motion to suppress, finding that the statute permitting admission of blood-alcohol analysis results (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.4) conflicted with Illinois Supreme Court Rule 236, which prohibits admission of medical records under the business records exception to the hearsay rule (134 Ill. 2d R. 236). The State appeals from the trial court's allowance of defendant's motion to suppress. (134 Ill. 2d R. 604(a)(1).) We conclude that there is no conflict between the statute and the Illinois Supreme Court rule. We, therefore, reverse and remand.

Defendant was indicted for allegedly causing an accident on September 4, 1987, while he was driving under the influence of alcohol, resulting in the death of one person and great bodily harm to four other individuals. The State indicated in pretrial discovery that it would seek to introduce into evidence a blood-alcohol test performed upon defendant at a local hospital shortly after the accident. This blood-alcohol test revealed that the alcohol concentration level in defendant's blood was 0.163.

Although admission of a blood-alcohol test result is permitted under section 11—501.4 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.4), the trial court ruled that the blood-alcohol test result was inadmissible because section 11—501.4 is in direct conflict with Illinois Supreme Court Rule 236, which prohibits the admission of medical records under the business records exception to the hearsay rule. (134 Ill. 2d R. 236.) The State appeals from the trial court's ruling.

Section 11—501.4 of the Illinois Vehicle Code provides that "written results of blood alcohol tests conducted upon persons receiv-

ing medical treatment in a hospital emergency room are admissible in evidence as a business record exception to the hearsay rule only in prosecutions for any violation of Section 11—501 \*\*\* or [in] a similar provision of a local ordinance, or in prosecutions for reckless homicide." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.4.) The section further states that admission of the test result is appropriate only when certain enumerated criteria are met:

> "(1) the blood alcohol tests were ordered by a physician on duty at the hospital emergency room and were performed in the regular course of providing emergency medical treatment in order to assist the physician in diagnosis or treatment;
>
> (2) the blood alcohol tests were performed by the hospital's own laboratory; and
>
> (3) the written results of the blood alcohol tests were received and considered by the physician on duty at the hospital emergency room to assist that physician in diagnosis or treatment." Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.4(a).

■ Illinois Supreme Court Rule 236 states in pertinent part that "[a]lthough medical records or police accident reports may otherwise be admissible in evidence under the law, \*\*\* this rule does not allow such writings to be admitted as a record or memorandum made in the regular course of business." 134 Ill. 2d R. 236(b).

■ We find no conflict between section 11—501.4 of the Vehicle Code and Supreme Court Rule 236. As the court recently observed in *People v. Hoke* (1991), 213 Ill. App. 3d 263, 571 N.E.2d 1143, "careful reading of these two provisions reveals th[e] claimed conflict to be illusory." (213 Ill. App. 3d at 269.) Section 11—501.4 permits admission of blood-alcohol test results only under the *"very limited circumstances"* (emphasis in original) (213 Ill. App. 3d at 269) enumerated in subsections (1), (2), and (3) of the statute. (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.4(a)(1), (a)(2), (a)(3).) These limitations placed upon admissibility by section 11—501.4 "were designed to insure that the written results of these blood-alcohol tests would be trustworthy and reliable \*\*\* by requiring the timely involvement of the physician actually treating the person whose blood test results are at issue." (213 Ill. App. 3d at 269-70.) In addition, the admissibility allowed in section 11—501.4 is limited to prosecutions for reckless homicide or driving while under the influence. (213 Ill. App. 3d at 270.) We agree with the court's observation in *Hoke* that

> "admissibility under section 11—501.4 of the Code of such blood-alcohol tests as a business record exception to the hearsay rule occurs *only after* the other statutory prerequisites

have been met. Accordingly, section 11—501.4 is not in conflict with Supreme Court Rule 236 because section 11—501.4 imposes requirements for admissibility unrelated to a document's admissibility under the business record exception to the hearsay rule, which is all that Supreme Court Rule 236 addresses." (Emphasis in original.) (213 Ill. App. 3d at 270.)

In light of these considerations, we conclude, as did the court in *Hoke*, that section 11—501.4 of the Code and Supreme Court Rule 236 are not "in conflict at all." 213 Ill. App. 3d at 271; see also *People v. Lendabarker* (1991), 215 Ill. App. 3d 540, 575 N.E.2d 568.

For the reasons stated, we reverse the trial court's allowance of defendant's motion to suppress the results of the blood-alcohol test at defendant's trial for reckless homicide and driving while under the influence, and remand the matter for further proceedings consistent herewith.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.