THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL SAPYTA, Defendant-Appellant.

Second District No. 2—91—0181

Opinion filed October 15, 1992.

John F. Donahue, of Law Offices of Donahue, Sowa & Bugos, of Lisle, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Following a stipulated bench trial, the defendant, Michael Sapyta, was convicted of driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501) and sentenced to one year's probation and 30 days' confinement in the Du Page County jail. The trial court stayed the sentence pending appeal (134 Ill. 2d R. 609).

The defendant argues that the trial court erred in admitting into evidence the results of a blood-alcohol test performed by personnel of the hospital at which the defendant received treatment on the evening of his arrest. The defendant maintains that section 11—501.4 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.4), which allows for the admission of such records as a business records exception to the hearsay rule, is invalid because it conflicts directly with Supreme Court Rule 236 (134 Ill. 2d R. 236). Thus, he contends the trial court should have suppressed the results of the examination.

We hold that section 11—501.4 does not conflict with Supreme Court Rule 236 and that the trial court properly considered the results of the hospital's blood-alcohol test.

On November 17, 1989, the defendant was involved in an automobile accident. After being arrested for DUI, he was taken to the emergency room of La Grange Memorial Hospital. His treating doctor requested a test of the defendant's blood alcohol. The test, performed at the hospital, showed that defendant's blood-alcohol level exceeded that required to support a conviction of DUI.

Before trial, the defendant moved *in limine* to suppress the record of the blood-alcohol test. The State introduced testimony from the hospital's medical transcriptions supervisor that the records of the defendant's emergency room visit, including the results of the blood-alcohol test, were made in the regular course of the hospital's business. The defendant stipulated that the records were a "generic business record," but argued that, under Supreme Court Rule 236(b), such medical records were inadmissible. The trial judge ruled that the records were admissible pursuant to section 11—501.4 and that Rule 236(b) did not preempt section 11—501.4.

After a stipulated bench trial, the court found the defendant guilty of DUI. The court denied the defendant's post-trial motion, and the defendant filed this timely appeal.

 Because the facts are not in dispute, we proceed directly to the defendant's argument. Section 11—501.4 provides that in prosecutions for driving under the influence "the written results of blood alcohol tests conducted upon persons receiving medical treatment in a hospital emergency room are admissible in evidence as a business record exception to the hearsay rule" if certain conditions are met. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.4(a).) The defendant concedes that here the State met all of these statutory conditions. He argues that the results of his blood-alcohol test were nonetheless inadmissible because section 11—501.4 conflicts with Supreme Court Rule 236, which provides, as relevant:

"(a) Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act *** shall be admissible as evidence of the act *** if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act *** or within a reasonable time thereafter. *** The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind.

(b) Although medical records or police accident reports may otherwise be admissible in evidence under the law, subsection (a) of this rule does not allow such writings to be admitted as a record or memorandum made in the regular course of business." 134 Ill. 2d R. 236.

The defendant argues that Rule 236(b) flatly prohibits the admission of medical records under the business records exception to the hearsay rule. He maintains that section 11—501.4, in allowing the admission of medical records under the business records exception to the hearsay rule, conflicts directly with the rule and is thus invalid. We disagree.

The defendant correctly asserts that where a statute directly and irreconcilably conflicts with a supreme court rule, the rule must prevail. (*People v. Felella* (1989), 131 Ill. 2d 525, 538; *People v. Walker* (1988), 119 Ill. 2d 465, 475; *People v. Lendabarker* (1991), 215 Ill. App. 3d 540, 560.) However, where the legislative enactment expresses a public policy determination, having as its basis something other than the promotion of efficient judicial administration, a court should strike down the statute only if the statute and the rule cannot

reasonably be harmonized. (*Walker*, 119 Ill. 2d at 475.) We believe that the legislature's determination that, as a matter of public policy, medical records should be admissible in a narrow range of criminal proceedings is entirely harmonious with Rule 236.

■ We recently held that section 11—501.4 and Rule 236 are harmonious because the statute applies exclusively to criminal proceedings and the rule applies exclusively to civil proceedings. (*Lendabarker*, 215 Ill. App. 3d at 560.) We based this conclusion on Supreme Court Rule 1, under which articles II and III of the supreme court rules apply only to civil and not criminal proceedings. 134 Ill. 2d R. 1, Committee Comments; *Lendabarker*, 215 Ill. App. 3d at 560.

The defendant argues that we should not follow *Lendabarker* because earlier cases held, or at least assumed, that Rule 236 applies to criminal proceedings. (See *People v. Strausberger* (1987), 151 Ill. App. 3d 832, 834; *People v. Watkins* (1981), 98 Ill. App. 3d 889, 900; *People v. Boyd* (1978), 66 Ill. App. 3d 582, 589; *People v. Morris* (1978), 65 Ill. App. 3d 155, 161.) Insofar as these cases conflict with *Lendabarker*, we choose not to follow them. We note that none of the opinions defendant cites consider the effect of Supreme Court Rule 1, under which article II of the supreme court rules applies only to civil proceedings. (134 Ill. 2d R. 1, Committee Comments.) Moreover, none of these cases directly addressed the validity of a statute that made medical or police records admissible under the business records exception to the hearsay rule. This does not end our discussion, however.

In *People v. Jackson* (1968), 41 Ill. 2d 102, a case neither party cites, the supreme court rejected the defendant's argument that his "inmate history card" was the sort of medical record "intended to be excluded without doctor identification [by Rule 236]." (*Jackson*, 41 Ill. 2d at 114.) *Jackson* suggests without holding, therefore, that Rule 236 applies to criminal as well as civil proceedings. This suggestion arises from the court's failure to hold that Rule 236 was applicable only to civil proceedings, even though this holding would have completely disposed of the defendant's argument.

When the supreme court decided *Jackson*, Rule 1 and the accompanying committee comments were substantively the same as at the time we decided *Lendabarker*. (See 36 Ill. 2d R. 1, Committee Comments.) However, at the time of the *trial* involved in *Jackson*, Rule 1 stated more generally that "[r]ules governing trial court procedure apply only to civil proceedings unless the rules or their context otherwise indicate." (7 Ill. 2d R. 1.) Effective January 1, 1967, the supreme court divided its rules into articles, making the rules in articles II and III (including Rule 236) applicable to civil proceedings and establishing

that those rules applicable to both civil and criminal proceedings were to be found only in article I. 36 Ill. 2d R. 1, Committee Comments.

Thus, we believe *Lendabarker* does not conflict with *Jackson*, although some decisions between *Jackson* and *Lendabarker* have mechanically assumed that Rule 236 applies to criminal proceedings. These opinions do not mention the revision of Rule 1, effective January 1, 1967, and still in force. Also, as we have noted, none of the cases defendant cites actually decided the validity of a statute allegedly in conflict with Rule 236.

Apart from our determination that Rule 236 is inapplicable to criminal cases, we find an independent basis for concluding that no conflict exists between this rule and section 11—501.4. This conclusion is based upon the intent of Rule 236, as expressed in its language and the Committee Comments.

Rule 236(a) was promulgated to broaden the common-law business records exception to the hearsay rule by lessening the traditional foundation requirements. (134 Ill. 2d R. 236, Committee Comments; Ill. Ann. Stat., ch. 110A, par. 236, Historical & Practice Notes, at 504 (Smith-Hurd 1985).) Rule 236(b)'s language and history establish that Rule 236(b) does not bar the admission of medical records at trial *and* that the rule does not prevent the legislature from making such records admissible under the business records exception to the hearsay rule. Rather, Rule 236(b) means only that a party seeking to introduce medical records into evidence must invoke an exception to the hearsay rule other than the liberal Rule 236(a). This exception may be either the relatively stringent common-law business records exception or an exception that the legislature has created.

We believe that this conclusion follows from the plain and modest language of Rule 236(b) that "[a]lthough medical records *** *may otherwise be admissible* in evidence under the law, *subsection (a) of this rule* does not allow such writings to be admitted as a record or memorandum made in the regular course of business." (Emphasis added.) (134 Ill. 2d R. 236(b).) Read naturally, this language does not bar the admission of medical records at trial; it simply cautions litigants that Rule 236(a)'s relatively liberal provisions do not of themselves allow medical records to be introduced at trial. Rule 236(b) in no way forecloses litigants from invoking other exceptions to the hearsay rule, such as the common-law exception or any exception created by the legislature.

The history of Rule 236 supports this conclusion. As the Historical and Practice Notes to the annotated edition of the rules aptly state:

"As originally adopted, paragraph (b) of the rule read: 'This rule does not apply to the introduction into evidence of medical records or police accident reports.' As so written, rule 236(b) was not a ban on the admissibility of medical records or police accident reports. Such records were admissible when a proper foundation was laid. *** But the question whether paragraph (b) simply excluded medical records and police accident reports from paragraph (a)'s liberalization of the common law rule concerning the admissibility of business records or somehow went further and was an affirmative declaration of their inadmissibility continued to cause difficulties, and so effective October 1, 1983 the Supreme Court amended the rule to reword paragraph (b) in a way that made its meaning unmistakable." Ill. Ann. Stat., ch. 110A, par. 236, Historical & Practice Notes, at 504 (Smith-Hurd 1985).

Thus, there can be no conflict between section 11—501.4 and Rule 236(b), because Rule 236(b) limits only the application of Rule 236(a). Therefore, Rule 236(b) affects neither the legislature's power to promulgate exceptions to the hearsay rule nor the courts' ability to invoke the traditional business record exception. Any alleged conflict between Rule 236(b) and a statutory exception to the hearsay rule is illusory.

Even before the 1983 amendment, our courts generally recognized Rule 236(b)'s extremely modest scope. (See, *e.g., Wilson v. Clark* (1981), 84 Ill. 2d 186, 192; *Andes v. Lauer* (1980), 80 Ill. App. 3d 411, 416; *Casey v. Penn* (1977), 45 Ill. App. 3d 573, 583.) In concluding that the legislature did not intend to include prison incident reports, which have relatively scant indicia of trustworthiness, within the business records provision of the hearsay statute (Ill. Rev. Stat. 1989, ch. 38, par. 115—5), the supreme court has stated that "[i]t is, of course, not our place to exclude such reports from the business records statute if the legislature put them in." *People v. Smith* (1990), 141 Ill. 2d 40, 76.

The first district (*People v. Carpenter* (1992), 228 Ill. App. 3d 899, 903-04; *People v. Solis* (1991), 221 Ill. App. 3d 750, 752-53) and fourth district (*People v. Hoke* (1991), 213 Ill. App. 3d 263, 268-71) have held that section 11—501.4 is valid and does not conflict with Rule 236(b). However, it appears that these opinions rely, at least in part, on a theory that section 11—501.4 allows the admission of medical records on a basis different from and more stringent than the business records exception to the hearsay rule. We agree with the results reached by the first and fourth districts but choose to follow our own reasoning.

■ Section 11—501.4 of the Illinois Vehicle Code is valid. The records at issue in this case were properly admitted into evidence.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.